Beverly RIDGEWAY, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.

Civ. A. No. 1:91–CV–1124–JOF.

United States District Court, N.D. Georgia, Atlanta Division.

Sept. 30, 1992.

John Lansing Kimmey, III, Germano Kimmey & Cheatwood, Atlanta, Ga., John Helpenstell Bedford, Tucker, Ga., for plaintiff.

Carolyn Lee Mackie, U.S. Dept. of Health & Human Services, Office of Gen. Counsel, Jane Wilcox Swift, Office of U.S. Atty., N.D. Ga., Atlanta, Ga., for defendant.

ORDER

FORRESTER, District Judge.

This matter is before the court on the Magistrate Judge's Report and Recommen-

dation that the Secretary of Health and Human Services' determination that the claimant was not entitled to be paid by Medicare because her medical costs had been covered by her primary insurer under 42 U.S.C. § 1395 be affirmed. The claimant has timely filed objections to the Report and Recommendation. This court declines to adopt the Report and Recommendation for the following reasons.

## I.  INTRODUCTION

The facts are not in dispute. The claimant is a forty-five-year-old female who was employed by Continental Insurance Company until June 14, 1985, when she became disabled. She became eligible for Social Security benefits in November of 1986. Claimant did not receive any payments from her employer after November 1, 1988. On November 1, 1988 she also became eligible for Medicare benefits. The claimant received medical services at Henry General Hospital during the period of November 8, 1988 until January 1, 1989, and also at Ridgeview Institute from January 14, 1989 through January 26, 1989. The bills for this care were submitted to Equicor–Equitable HCA Corporation, the health insurer responsible for payment under Continental's large group health plan. Equicor paid these claims prior to May 23, 1989 because it found that the claimant remained an employee for purposes of the Continental Health insurance plan and that, therefore, by law Equicor remained the primary payer. The claimant thereafter contacted Blue Cross and Blue Shield of Georgia, the Medicare fiscal intermediary contracted to administer the Medicare program in Georgia, and complained that Equicor had improperly paid the medical claims. She demanded that Blue Cross and Blue Shield, as the intermediary, compel the two health providers to refund the amount of the medical payments they received on the claims to Equicor because, she argued, Medicare was the primary payer. She also demanded that Medicare pay the two health providers in Equicor's stead. Blue Cross and Blue Shield responded that its reading of the Medicare secondary payer provisions under Title 42 indicated that Equicor, as a large

group health plan, was required to be the primary payer for disabled but active employees who were Medicare-eligible. Furthermore, Equicor argued that because they had paid more than Medicare's allowance for the services provided, Medicare had no additional liability as the secondary payer.

On September 26, 1985, Claimant requested that Blue Cross and Blue Shield reconsider its decision. She contended that she was not an "active individual" or "employee" as defined under 42 U.S.C. § 1395y(b)(1)(B)(iv)(I). This being so, Medicare was the correct primary payer, not a private insurer. This request for reconsideration, however, was denied by letter on October 4, 1989.

The claimant thereafter sought a review by the Administrative Law Judge (ALJ) and waived her right to appear in person. Based on the documentary evidence on record, the ALJ found, on May 26, 1990, that claimant was an "employee" when the health care services were provided, that Medicare was the secondary payer, and that, therefore, Equicor had correctly covered her bills.

On October 25, 1989, Continental, responding to a questionnaire submitted by Claimant's representative, indicated that it considered Claimant an employee, albeit in an inactive status. It also noted that she participated in the employees' benefit plan.

The claimant's request for review of the ALJ's decision by the Appeals Council was denied, and, thereafter, Claimant timely appealed to the District Court, and the case was referred to the Magistrate Judge.

The Magistrate Judge, after reviewing the appeals record, concluded that the Secretary had applied the proper legal standard to the undisputed facts and that substantial evidence supported the Secretary's decision.

## II.  DISCUSSION

Claimant argues strenuously that the Magistrate Judge erred in determining that the Secretary's decision was supported by substantial evidence, in determining that

the Secretary applied the correct legal standard, and in refusing to remand the case for consideration of the claimant's allegations that she had converted her group policy to an individual policy. Specifically, Claimant argues that she is not an "employee" or "active individual" under 42 U.S.C. § 1395y(b)(1)(B)(iv)(I) and that, therefore, the Secretary erred in deciding that Equicor was the primary payer. This issue has not previously been considered by a federal court.

To understand the basis for this dispute, one must consider briefly the history of the statutory scheme. During the 1980's Congress enacted a series of revisions in Medicare designed to reduce spending. *See generally* 42 U.S.C. § 1395y (the codification of Public Law Nos. 96–499, 98–369, 97–248, 97–35, 100–203, 97–448, 101–239). "[M]edicare [no longer needs to] serve[ ] to relieve private insurers of obligations to pay costs of medical care in cases where there would otherwise be liability under the private insurance contract." H.R. No. 96–1167, 96th Cong., 2d Sess., *reprinted in* 1980 U.S.C.C.A.N. 5526, 5752. As part of these amendments, the Omnibus Budget Reconciliation Act of 1986, effective January 1, 1987, provided, "[a] large group health plan (one with 100 or more employees) may not take into account that an active individual is eligible for or receives benefits ... [under Medicare]." 42 U.S.C. § 1395y(b)(4)(A)(i). This provision made Medicare the secondary payer for any disabled employee or dependent who is under age sixty-five and who is covered by an employer plan either as an employee or as a dependent of an employee. In addition, the Act defined an active individual as follows:

(1) Active Individual. The term "active individual" means an employee (as may be defined in the regulations), the employer, self-employed individual (such as the employer), an individual associated with the employer in a business relationship, or a member of the family of any such persons.

§ 1395y(b)(1)(B)(iv)(I).

■ At bottom in this case, the parties contend, is whether the claimant was an "employee" at the time she received treatment from the two health care providers. If she was not, then presumably Medicare would be the primary payer and have an obligation to reimburse for those services.[1] If she was, then the Secretary did not err, and the claimant's appeal must be denied.[2]

---

**1.** As the Magistrate Judge noted, the claimant alleged in her motion for summary judgment (disposition) that prior to November 1, 1988, she converted her insurance coverage from the Equicor group plan to an individual policy and paid her own quarterly premiums. This allegation, which could be quite important to determining the correct payer, however, was not raised in the documents submitted to the Health Care Financing Administration, the Administrative Law Judge or the Appeals Council. Because the court's review is limited to only the record developed below, these facts may not be considered. *Asbestos Information Ass'n v. OSHA*, 727 F.2d 415, 420 n. 12 (5th Cir.1984).

**2.** The Secretary argues that in determining whether the claimant was an "active individual" or "employee" within the secondary payer provisions of Medicare is to be determined according to the definition noted above. He argues that since no final regulations construing this statute have been approved, the Secretary's reading of the statute must control in the interim. Although the Secretary at one time promulgated proposed regulations defining "employee," those regulations were never adopted. The Secretary,

however, has issued his interpretation of the term "employee" in the Provider Reimbursement Manual issued by the Health Care Financing Administration to its intermediaries and carriers. That interpretation, which the Secretary followed in making his determination in this case, reads as follows:

§ 3,337 MEDICARE AS SECONDARY PAYER FOR DISABLED INDIVIDUALS

  C. *Definitions.—*

  4. *Employee.*—An employee is (1) an individual who is actively working for an employer or (2), since disabled persons are not usually working, a person whose relationship to an employer is indicative of employee status. Whether or not such a person is an employee is established by the unique facts applicable to the person's relationship to the employer. The question to be decided is whether the employer treats a disabled individual who is not working as an employee, in light of commonly accepted indicators of employee status rather than whether the person is categorized in any particular way by the employer. In general, an individual who is not actively working may be considered to have employee status if the relationship is such that:

■ What has not been addressed by either party or by the Magistrate Judge in his Report and Recommendation, however, is why the claimant cares who paid. The parties have provided plenty of policy and legislative history in support of their contentions on how an "employee" or "active individual" should be defined. The claimant, however, has ignored the requirement that a litigant in federal court must have standing to institute the litigation. It is true that the Secretary's decision and the ALJ's and Appeals Council's review are not subject to the requirements of Article III. Article III of the Constitution, however, limits the jurisdiction of federal courts to actual cases and controversies. *See Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 471, 102 S.Ct. 752, 757, 70 L.Ed.2d 700 (1982). Plaintiffs in federal court must "allege personal injury fairly traceable to defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). The *Allen* test specifically requires the court to examine whether the alleged injury is "distinct and palpable, whether there is a causal connection be-

tween the defendant's conduct and the alleged injury, and whether there is a causal connection between the alleged injury and the relief sought." *Id.* at 751, 753 n. 19, 104 S.Ct. at 3324, 3325 n. 19; *see also Cone Corp. v. Florida Department of Transportation,* 921 F.2d 1190, 1203–04 (11th Cir.1991); *E.F. Hutton and Co., Inc. v. Hadley,* 901 F.2d 979, 984 (11th Cir.1990). The plaintiff in essence, therefore, must have a personal stake in the outcome. *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

Title 42, U.S.C. § 1395ff provides the claimant in this action with a right of action. A potential claimant may appeal an adverse decision of the Secretary of Health and Human Services and obtain judicial review. 42 U.S.C. § 1395ff(b). Congress's purpose under this section was to protect Medicare patients. *See Mays v. Hospital Authority of Henry County,* 582 F.Supp. 425, 431 (N.D.Ga.1984) (Evans, J.).

The claimant, however, has failed to provide any indication of how she has been harmed by the Secretary's determination. The claimant has argued that the law does

---

● The individual is receiving payments from an employer which are subject to taxes under the Federal Insurance Contributions Act (FICA) or would be subject to such taxes except that the employer is one that is not required to pay such taxes under the Internal Revenue Code

● The individual is termed an employee under state or federal law or in accordance with a court decision.

● The employer pays the same taxes for the individual as he pays for actively working employees.

● The individual continues to accrue vacation time or receives vacation pay.

● The individual participates in an employee's benefit plan in which only employees may participate.

● The individual has rights to return to duty if his/her condition improves.

● The individual continues to accrue sick leave.

*3 Medicare Carriers Manual, U.S. Dept. of Health and Human Services,* HCFA–Pub. 14–3, at § 3337 (1988).

The claimant complains that allowing the Secretary to follow such a manual is to allow him to make an end run around the notice and comment procedures of the Administrative Procedures Act, 5 U.S.C. § 501, *et seq.* Section

1395y(b)(1)(B)(iv)(I) is, however, permissive, not mandatory, in allowing the promulgation of regulations. Therefore, although substantial weight may not be given to the guidelines themselves, a decision by the Secretary applying this section must still be judged on whether substantial evidence exists to support the decision; and the Secretary's interpretation of the statute, as noted by the Magistrate Judge in his Report and Recommendation, is entitled to substantial deference. *Blum v. Bacon,* 457 U.S. 132, 141, 102 S.Ct. 2355, 2361, 72 L.Ed.2d 728 (1982); *Grocery Manufacturers of America, Inc. v. Gerace,* 755 F.2d 993, 1001 (2d Cir.1985); *Baylor University Medical Center v. Heckler,* 758 F.2d 1052, 1061 (5th Cir.1985).

To this court, this definition of employee seems appropriate. The Medicare secondary payer provisions were designed to relieve Medicare from having to pay medical claims where a Medicare eligible person was also covered by his employee's health benefits plan. The issue is not whether the employee has a traditional working relationship with his employers as might be defined under common law. Rather, the issue is whether a person, or in this case a disabled person, is covered by a private insurer through an employer such that Medicare's financial burden may be alleviated.

not require "out of pocket" losses to have standing in federal court. The plaintiff cites *Duggan v. Bowen* for this proposition. 691 F.Supp. 1487 (D.D.C.1988). The *Duggan* case illustrates the requirements for harm correctly. *Duggan* involved a challenge to the Secretary's administration of the Medicare home health care program. The harm alleged by the plaintiffs was that the Secretary's promulgated regulations which defined home health care coverage were unduly restrictive and would deny home health care benefits to deserving patients generally and to themselves as representatives in the class action.

In this case, however, Claimant has merely complained that the wrong insurer has paid the two health care providers' bills. She has alleged no shortfall in payment, nor a non-monetary reason why this possible mistake in payment in any way has harmed her in a "distinct and palpable manner." The claimant's appeal, therefore, must be denied and her action dismissed for lack of standing.

## III. CONCLUSION

In light of the foregoing, the court denies the claimant's appeal and DISMISSES the complaint [1–1] for lack of standing.

SO ORDERED.