**Bernice THERKELSEN, Plaintiff,**

v.

**Donna E. SHALALA,[1] Secretary of Health and Human Services, Defendant.**

**No. 4–92–CV–328.**

United States District Court, D. Minnesota, Fourth Division.

Oct. 25, 1993.

M.D. as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. sec. 405(g).

John M. Nichols and Thomas Steven Darling, Gray Plant Mooty Mooty & Bennett, Minneapolis, MN, for plaintiff.

Patricia R. Cangemi, Asst. U.S. Atty., Minneapolis, MN (Donna Morros Weinstein, Chief Counsel by Lauren S. Ruby, Asst. Regional Counsel, Office of the Chief Counsel, Region V, Chicago, IL, of counsel), for defendant.

## ORDER

ROSENBAUM, District Judge.

This matter is before the Court on plaintiff's objections to the August 11, 1993, report and recommendation issued by the Honorable Franklin L. Noel, United States Mag-

istrate Judge. Plaintiff sought review of a decision of the Secretary of Health and Human Services, denying coverage under the Medicare program for medical services rendered to the plaintiff on July 12, 1988. The magistrate recommended that the decision of the Secretary be affirmed; that plaintiff's motion for summary judgment be denied; and that defendant's motion for summary judgment be granted.

Based upon a *de novo* review of the record herein, the Court adopts in all respects the magistrate's report and recommendation. It is clear to the Court that Congress was of a mind to impose the costs of medical care on those who have secured insurance, or had insurance available to pay the cost. The goal was to preserve both the Medicare system and the public fisc as a secondary insurer if, and to the extent, another source was primary. The magistrate's decision is supported by the evidence, logic, and a rational reading of the law.

Accordingly, IT IS ORDERED that:

1. The decision of the Secretary is affirmed.

2. Plaintiff's motion for summary judgment is denied.

3. Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

## REPORT AND RECOMMENDATION

NOEL, United States Magistrate Judge.

Plaintiff seeks judicial review of a final decision of the Secretary of Health and Human Services, which denied plaintiff's request for coverage under the Medicare program for medical and other health services rendered to plaintiff on July 12, 1988. The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. section 636 and Local Rule 7.2. The parties have submitted cross motions for summary judgment.[2] For the reasons set forth below,

it is the recommendation of the undersigned that the Secretary's decision that plaintiff is not entitled to Medicare payments for medical and other health services she received on July 12, 1988 be affirmed.

## I. *PROCEDURAL POSTURE*

On July 12, 1988, Bernice Therkelsen (Therkelsen) underwent a bunionectomy, osteotomy and hammertoe repair. (Tr. 91). Therkelsen then submitted a claim for Medicare reimbursement for the costs associated with these medical procedures. (Tr. 13–24). The Health Care Financing Administration ("HCFA") denied Medicare payment for the medical services received by Therkelsen. (*Id.*). On March 23, 1989, Therkelsen requested a hearing before an Administrative Law Judge (ALJ) in order to appeal the decision of HCFA to deny Medicare benefits. (Tr. 126). On October 29, 1990, a hearing was held before ALJ Raymond M. Faby. (Tr. 95–99).

On April 5, 1991, ALJ Faby found that Therkelsen was not entitled to receive Medicare payments because payment for the services she received on July 12, 1988 could have reasonably been expected to be made under her husband's group health plan under which she was covered. (Tr. 90).

On June 14, 1991, Therkelsen filed a request for review of the ALJ's decision to the Appeals Council. (Tr. 4). On January 30, 1992, the Appeals Council denied Therkelsen's request for review. (Tr. 2–3). The decision of the ALJ thus became the final decision of the Secretary. 20 C.F.R. sec. 404.981 (1992). Therkelsen now seeks judicial review of the ALJ's decision.

## II. *FACTUAL BACKGROUND*

Therkelsen is over 65 years of age and is enrolled as a Medicare beneficiary. From May 11, 1988 to August 2, 1988, Therkelsen received medical and other health services. (Tr. 100–117). These services included, but were not limited to, undergoing a bunionectomy, an excision of a bunfonette, and repair of

---

**2.** Plaintiff made a request for oral argument in its motion for summary judgement. Upon reviewing the record and the parties motions, the

court finds that there is no need for oral argument in this matter. Accordingly, plaintiff's request is denied. *See* Local Rule 7.2(b)(2).

a hammertoe deformity on July 12, 1988. (Tr. 91). At the time Therkelsen received medical and health services, her husband, Donald Therkelsen, was a sales representative for IDS Financial Services, Inc. (IDS). (Tr. 7). As a sales representative, Mr. Therkelsen acts as an independent contractor[3] for IDS. (Tr. 7). He is paid by IDS on strictly a commission basis. (Tr. 9). Both Therkelsen and her husband have health insurance coverage under the IDS Financial Corporation Field Organization Major Medical Benefits plan. (Tr. 8).

Therkelsen filed for Medicare reimbursement with respect to the surgery she underwent on July 12, 1988. Therkelsen at no time submitted a claim for coverage to the IDS Medical Benefits plan. (Tr. 90). The HCFA denied Therkelsen's claim for Medicare benefits on the basis that a claim should first be sent to her employer (her husband's employer under which she maintains medical coverage), and after such time as a claim is sent and processed she could resubmit her Medicare claim if her medical bill is not paid in full. (Tr. 13–24). Instead of submitting a claim to the IDS plan, Therkelsen requested a hearing before an ALJ in order to contest the HCFA's decision.

In denying Therkelsen's claim for Medicare benefits, the ALJ relied upon section 1862(b)(3)(A) of the Social Security Act, [42 U.S.C. sec. 1395y(b)(3)(A)(i) (1987) ] which provides that no payment of Medicare benefits shall be made for medical services to the extent that payment has been made or can reasonably be expected to be made for the services under an employer group health plan. Therkelsen is covered by her husband's group health plan. The court reasoned that although defendant's husband is an independent contractor, he is employed by IDS Financial Services within the meaning of this statute. *Id.* The ALJ concluded that Mr. Therkelsen is a self-employed person for purposes of determining whether he is employed within the scope of the Act, and that as a self-employed individual his group health plan coverage provided by IDS is the type of plan that plaintiff should turn to in order to receive reimbursement for her medical and health service expenses, and that Medicare payments may not be made to the plaintiff pursuant to section 1862(b)(3)(A). *Id.*

### III. ISSUES ON APPEAL

There are two issues before the court. First, whether Therkelsen has standing to litigate this matter presently before the court, and second, whether payment for Therkelsen's medical services could have reasonably been expected to be made by her husband's group health plan under which she is covered. In deciding this second issue, the court must determine whether, for purposes of section 1862(b)(3)(A) [42 U.S.C. sec. 1395y(b)(3)(A)(i) (1987) ] of the Social Security Act, Mr. Therkelsen is employed by IDS Financial Services and if his group health plan, under which Ms. Therkelsen is covered, is an employer group health plan within the meaning of 42 U.S.C. section 1395y(b)(3)(A)(i) (1987).

### IV. ANALYSIS

#### A. STANDARD OF REVIEW

 Judicial review of the final decision of the Secretary is limited to whether there is substantial evidence on the record as a whole to support the Secretary's decision. *Robinson v. Sullivan,* 956 F.2d 836, 838 (8th Cir.1992), *citing* 42 U.S.C. section 405(g) (1988). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); 42 U.S.C. section 405(g) (1988). The court must do more than merely parse the record for substantial evidence supporting the Secretary's decision. *Id.* The substantiality of the evidence must take into account whatever in the record fairly detracts from its weight. *Cruse v. Bowen,* 867 F.2d 1183, 1184 (8th Cir.1989), *citing Universal Camera Corp. v. NLRB,*

---

**3.** "Generally, one who in exercise of an independent employment, contracts to do a piece of work according to his own methods and is subject to his employer's control only as to end product of final result of his work." *Black's Law Dictionary* 770 (6th Edition, West Publishing Co. 1990).

340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951). *See also Clarke v. Bowen,* 843 F.2d 271, 272 (8th Cir.1988).

## B. THERKELSEN HAS BEEN HARMED IN A DISTINCT AND PALPABLE MANNER AND THEREFORE HAS STANDING TO BRING THIS INSTANT ACTION

The Secretary argues that Therkelsen does not have standing to litigate this action. The Secretary contends that Therkelsen is unable to allege any harm, financial or otherwise, stemming directly from the Secretary's denial of her Medicare claims. The Secretary argues that any monetary injury Therkelsen may have suffered was because of her refusal to submit her medical claims to her husband's group health plan under which she received coverage. The Secretary alleges that if the Therkelsen submitted her medical claims to this plan and they were denied, she may have standing to contest her denial of medicare benefits. The Secretary relies on the case of *Ridgeway v. Sullivan,* 804 F.Supp. 1536 (N.D.Ga.1992) in support of her arguments that plaintiff lacks standing to bring this action. The Secretary's reliance on this case is misplaced.

In *Ridgeway,* plaintiff was employed by an insurance company until June 14, 1985, when she became disabled. *Ridgeway,* 804 F.Supp. at 1537. On November 1, 1988, plaintiff became eligible for Medicare benefits. *Id.* Plaintiff received medical services from November 8, 1988 until January 1, 1989 and from January 14, 1989 through January 26, 1989. *Id.* Plaintiff submitted her medical bills to Equicor-Equitable HCA Corporation (Equicor), the health insurer responsible for payment under plaintiff's group health plan, after these services were rendered. *Id.* Prior to May 23, 1989, Equicor paid these claims because plaintiff's employer determined that she remained an employee for purposes of coverage under her health insurance plan even after she left their employ and therefore Equicor remained the primary payer on her medical claims. *Id.*

Plaintiff subsequently contended that Equicor had improperly paid her medical claims and that the two health care providers

to which these funds were paid should refund the amount paid to them by Equicor and receive payment from Medicare instead. *Id.* Plaintiff argued that Medicare was the primary payer for the medical services she received. In the administrative proceedings that followed, plaintiff's challenge to Equicor's payment for her medical care an ALJ decided that Medicare was the secondary payer on plaintiff's medical claims, and that Equicor had correctly covered her bills. *Id.* However, on appeal the United States District Court determined that plaintiff lacked standing to bring a claim attempting to force Medicare to pay the health care providers that had previously been paid by plaintiff's group health plan. The court reasoned that plaintiff's argument that the wrong insurer, Equicor, paid her two health care providers' bills did not demonstrate that she had been harmed in a distinct and palpable manner. *Ridgeway,* 804 F.Supp. at 1540. The court held that plaintiff's appeal must be dismissed because she lacked standing to bring a claim. *Id.*

The essential reason the court dismissed plaintiff's action in *Ridgeway* is because plaintiff's group health care plan paid her health care providers' bills. Since plaintiff's medical bills were paid, the court failed to see how plaintiff was in anyway harmed. Plaintiff filed a claim with her group health care plan and received payment. It does not matter to plaintiff from where plaintiff received such payment as long as payment was made.

The reason the court relied on in *Ridgeway* for dismissing plaintiff's action is not present in the instant action. Unlike the plaintiff in *Ridgeway,* Therkelsen never filed a claim for payment with her husband's group health plan under which the Secretary alleges she would have received coverage. Her husband's IDS group health plan in turn did not pay her health care providers' medical bills. Therefore, after her request for Medicare benefits was denied plaintiff was harmed in a distinct and palpable manner because neither of her potential insurers had paid her medical bills. The Secretary hypothesizes in stating that if Therkelsen made a claim for medical benefits from the IDS

group health plan she would have been awarded such benefits and therefore lacks standing to bring this action. However such is not the case in this action. The only claim for medical benefits that Therkelsen made was from Medicare. Once Medicare rejected plaintiff's request for medical coverage, Therkelsen suffered the necessary harm to warrant standing in bringing this action. The Secretary's request for dismissal of this action on the basis that Therkelsen lacks standing should be DENIED.

## C. MR. THERKELSEN IS AN EMPLOYEE OF IDS FINANCIAL SERVICES FOR THE PURPOSE OF DETERMINING THAT HE IS "EMPLOYED" AND HAS A GROUP HEALTH PLAN THROUGH HIS EMPLOYER UNDER WHICH MRS. THERKELSEN COULD REASONABLY HAVE EXPECTED PAYMENT FOR MEDICAL EXPENSES TO BE MADE

On April 5, 1991, ALJ Faby determined that Therkelsen was not entitled to reimbursement of her medical expenses under Part B of Medicare program. (Tr. 90). The ALJ found that with respect to Section 1862(b)(3)(A) of the Social Security Act [42 U.S.C. section 1395y(b)(3)(A)(i) (1987)], which provides that no payment may be made under Part A or Part B for any expenses incurred for items or service to the extent that payment has been made or could reasonably be expected to be made with respect to the item of service under an employer group health plan. 42 U.S.C. section 1395y(b)(3)(A)(i). The ALJ specifically held that Therkelsen's medical services could have reasonably been expected to be paid by her husband's IDS Financial Services Medical Benefits Group Health Plan under which she was covered. (Tr. 90). In arriving at his decision, the ALJ recognized that Therkelsen's husband was considered an independent contractor for purposes of his employment relationship with IDS Financial Services, but noted that he still elected to partici-

pate in an IDS group health plan that covers both he and his wife. The ALJ concluded that for purposes of section 1862(b)(3)(A) of the Social Security Act [42 U.S.C. section 1395y(b)(3)(A)(i) (1987)] self-employed persons like Mr. Therkelsen are included within the meaning of employed, and under such circumstances Medicare is the secondary payer for her medical claims while Mr. Therkelsen's group health plan is the primary payer.

The central issue on appeal of the ALJ's decision is whether there is substantial evidence on the record as a whole that supports the ALJ's decision that Mr. Therkelsen was employed by IDS Financial Services to the extent that he and his wife were covered by his IDS group health medical benefits plan by reason of such employment.[4] If the answer to this question is yes, the ALJ's denial of Medicare benefits was appropriate in that payment of Therkelsen's medical expenses could have reasonably expected to have been made by her husband's group health plan. If the answer to this question is no, then the ALJ's denial of Medicare benefits was improper and the decision of the ALJ to deny Therkelsen's request for medicare must be reversed.

■ The court concludes that the ALJ's decision is supported by substantial evidence on the record as a whole and because Therkelsen was covered by an employer group health plan under which payment of her medical expenses could have reasonably been made at the time of her July 12, 1988 surgery. In light of this decision it was entirely proper for the ALJ to deny Therkelsen Medicare benefits.

Therkelsen received medical and other health services on July 12, 1988. At that time, the relevant statutory provision which governed whether she was covered under the Medicare program was 42 U.S.C. sec. 1395y(b)(3)(A)(i) (1987). In pertinent part this statutory provision directed that Medicare shall not pay benefits:

---

**4.** Unlike the majority of Social Security decisions reviewed by this court, there was no testimony given during the ALJ hearing in this matter. Instead, plaintiff's counsel made a statement as to why plaintiff believed that her husband was not employed within the meaning of section 1862(b)(3)(A) [42 U.S.C. sec. 1395y(b)(3)(A)(i) (1987)] and submitted supporting evidence.

To an [aged] individual (or to the spouse of such individual) who is employed at the time such item or service is furnished to the extent that payment with respect to expenses for such item or service has been made, or can reasonably be expected to be made under [a group health plan] ... under which such individual is covered by reason of such employment. .

42 U.S.C. sec. 1395y(b)(1)(A)(i) (1987). Therkelsen quotes this statutory provision in her brief and concedes that it applies to individuals or their spouses who are employed and receive group health plan payment by reason of such employment. *See* Plaintiff's Brief at page 3. Although Therkelsen makes this concession, she argues that her husband's relationship with IDS Financial Services was not that of an employer-employee nature, but instead that he was an independent contractor who was self-employed. Therkelsen contends that she and her husband are covered by her husband's major medical plan provided by IDS Financial Services, but argues that Congress did not intend for self-employed individuals like her husband, nor his IDS group health plan coverage to fall within the purview of 42 U.S.C. sec. 1395y(b)(1)(A)(i). Therkelsen argues that her husband is not employed by IDS Financial Services within the meaning of the Social Security Act and that the ALJ's decision to deny her Medicare benefits was erroneously based on the Secretary's inappropriate application of this statutory provision to her situation.

Therkelsen's argument boils down to one of semantics. Assuming without deciding that Therkelsen's husband is a self-employed individual, the court fails see how this designation makes him or his group health plan fall outside the purview of the Medicare statute that the ALJ relied upon. If the court were to adopt Therkelsen's strained interpretation of the definition of what it means to be employed, thereby excluding self-employed individuals from the likes of the employed for purposes of the Medicare provision of the Social Security Act, the Act would be rendered illogical and inconsistent. By interpreting the relevant statutory provision as suggested by Therkelsen, an individual employed by Chrysler Corporation as a laborer and covered by Chrysler's group health plan would be denied an application for Medicare benefits if prior to filing a Medicare benefits claim he failed to file a claim for benefits under his group health plan, while an individual who maintains a working relationship with a Financial Services organization (IDS) as an independent contractor would receive Medicare benefits even if she did not file a claim for benefits under her group health plan. Therkelsen offers no reasonable explanation for why such a distinction between employed and self-employed individuals should result in a denial of Medicare benefits in one instance and the granting of such benefits in the next instance.

In determining what Congress intended when it used the language that an individual who is employed and is insured under a group health plan must be denied Medicare benefits if he is employed at such time the medical services are rendered and the expenses for such services can reasonably expected to be made under a group health plan under which the individual is covered by reason of such employment, the court must first look to the language of the provision. Therkelsen argues that the terms "employed" and "employment" as utilized in the relevant Medicare benefits statutory provision, 42 U.S.C. sec. 1395y(b)(3)(A)(i), refer to the traditional employer-employee relationship rather than the self-employed context as that of an independent contractor. Therkelsen's argument that self-employed individuals are not covered within the meaning of the statute is based on the fact that the terms in the statute only mention the terms "employed" and "employment" and that the legislative history of the statute only refers to the common law definition of the employer-employee relationship, which only specifically mentions employers and employees. In sum, Therkelsen contends that Congress' silence in the statute and the legislative history as to self-employed individuals is dispositive on the issue of whether self-employed individuals like Therkelsen's husband fall within the purview of the statute.

■ The court places little, if any reliance on Congress' silence as to self-employed indi-

viduals within the statute. Nowhere in the relevant statutory provision or the legislative history does Congress expressly state that self-employed individuals are excluded from the definition of "employed" and "employment" in the statute. Furthermore, Therkelsen does not identify any plausible reason why the court should impute such an intention from Congress' silence. If anything it is quite possible that Congress intended the terms "employed" and "employment" to cover the full range of employer-employee relationships, including self-employment. It is clear from the plain meaning of the term employed that whether one is employed in a traditional employer-employee relationship or is self-employed like an independent contractor, the individual is employed albeit in a different context. Therkelsen does not identify any reason why this court should distinguish between the two types of employment in determining whether to pay Medicare benefits for individuals who fall into either category that maintain their own group health plan by which their medical expenses could reasonably be paid. Absent such a reason, the court finds no basis for making such a distinction.

Therkelsen also argues that Congress has previously defined in the other provisions of the Social Security Act what it means by the term employment. Therkelsen specifically references Title VII of the Social Security Act which defines employment as any service performed by an employee, and defines employee under the usual common law rules of the employer-employee relationship. 42 U.S.C. sec. 410(a); 42 U.S.C. sec. 410(j) (1991). Therkelsen contends that the common law rule of employer-employee relationship does not include self-employed individuals like her husband. Therkelsen also contends that the term "employment" that Congress uses in the Medicare statue is a synonym for the employer-employee relationship and is not to be extended to individuals who are self-employed or are independent contractors.

Therkelsen's reliance on other portions of the Social Security Act which attempt to define the "employee" and "employment" is misplaced. Much like Congress gave meaning to these terms in other portions of the Act, if they intended to limit the definition of "employed" and "employment" to exclude self-employed individuals Congress could have done so as evidenced by its express definitions of these terms in other portions of the Act. Congress' decision not to limit the definition of these terms, and Therkelsen's inability to identify a plausible reason as to why Congress would make a distinction between workers employed in the traditional employer-employee sense and those that are self-employed for determining to whom Medicare benefits should be paid weigh against Therkelsen's proposed narrow interpretation of the meaning of the terms "employed" and "employment." This court does not find that Congress would prefer Medicare to pay for claims that could be paid by the group plan coverage of a self-employed worker while on the other hand refusing to pay such claims for workers that are employed in the traditional sense. To interpret 42 U.S.C. sec. 1395y(b)(3)(A)(i) in such a manner would make the application of this provision inequitable and treat similarly situated workers in a different manner.

■ Congress adopted a regulation in 1989 which clarified the term "employed" so as to include the self-employed. *See* 54 Fed. Reg. 41, 716 through 41, 719 (1989). Therkelsen argues that in spite of this clarification, the regulation failed to clarify the remaining portion of 42 U.S.C. sec. 1395y(b)(3)(A)(i) which requires that the "employed" individual must have group health care coverage by reason of such "employment." Essentially Therkelsen argues that simply because the regulation notes that self-employed individuals are employed, it does not necessarily follow that these individuals are engaged in employment. If the regulation is attempting to clarify the Medicare statute and treat the self-employed the same as traditional employer-employee relationships, the court fails to see how Therkelsen can plausibly insist that the statute still would not construe the self-employed as engaging in employment. If the court were to adopt such an interpretation it would render the statute inherently inconsistent and draw a distinction between employed and employ-

ment when no distinction appears to serve a purpose in construing this provision.

Finally, with respect to Therkelsen's argument that the new regulation adopted by the Secretary post dates the facts of this instant action and cannot be applied retroactively, the court does not find a need to address this issue. The statute that the ALJ interpreted in making his determination to deny Therkelsen's claim for Medicare benefits, section 1862(b)(3)(A) [42 U.S.C. sec. 1395y(b)(3)(A)(i) (1987)], was in effect at the time medical services were rendered to Therkelsen in July of 1988. The plain language of the statute makes it clear that it included self-employed individuals like Mr. Therkelsen in the category of the employed for the purpose of determining when Medicare is a secondary rather than primary payer. The court finds that the statue is clear on its face and that to read the statutory language to exclude self-employed individuals who have group health plan medical coverage would result in inconsistent treatment of individuals that are similarly situated and covered by group health plans. Congress did not state in the statute or the legislative history, a reason as to why self-employed individuals like Mr. Therkelsen should be excluded from the definition of employed persons who have group health plan coverage as a result of their employment. To permit this interpretation of the statue would make medicare the primary payer for medical claims that are covered by the group health plan of a self-employed individual, but on the other hand make Medicare the secondary payer, with the plan being the primary payer, for individuals employed in the traditional employer-employee relationship. Congressional intent will not be realized by making such a distinction, and would in fact defeat the purpose of Congress for enacting the provision. Accordingly, the decision of the Secretary to deny Therkelsen Medicare benefits because her husband was employed within the meaning of 42 U.S.C. sec. 1395y(b)(3)(A)(i) to the extent that the payment for Therkelsen's medical services could have reasonably been expected to be made under her husband's group health plan by reason of his employment relationship with IDS Financial Services.

Accordingly, based upon all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for summary judgment be **DENIED;**

2. The Secretary's motion for summary judgement be **GRANTED;** and

3. The decision of the Secretary be affirmed.