**Carolyn CRUSE, Appellant,**

v.

**Otis R. BOWEN, Secretary, Health and Human Services, Appellee.**

No. 88–2046.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1988.

Decided Feb. 23, 1989.

Timothy C. Harlan, Columbia, Mo., for appellant.

Joseph Moore, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN and BEAM, Circuit Judges, and WHIPPLE,[*] District Judge.

WHIPPLE, District Judge.

Carolyn Cruse appeals from a summary judgment entered by the district court,[1] adopting a magistrate's [2] report and recommendation that there was substantial evidence to support an administrative law judge's final decision to deny some of the Social Security benefits she sought. The final decision was that Carolyn Cruse was "disabled," as defined in the Social Security Act, after December 22, 1984, but not before that date. For reversal, appellant Cruse argues that the district court erred in finding there was a substantial basis to support the decision. She asserts that, upon remand, the administrative law judge's hypothetical question to the vocational expert was inadequate in regard to her history of alcohol intake and its effects on any disability prior to December 22, 1984. For the reasons set forth below, we affirm the decision of the district court.

Cruse applied on March 22, 1983, for supplemental security income (SSI) benefits based upon disability under 42 U.S.C. §§ 1381 et seq. Her claim was denied through the administrative process. On June 5, 1984, she sought judicial review in district court. On June 6, 1985, the district court remanded the case to the appellee Secretary for further administrative action. On remand, the administrative law judge (ALJ) conducted a supplemental hearing and issued a recommended decision on July 31, 1986. He recommended that Cruse was under a "disability," as defined in the Social Security Act, commencing December 22, 1984 (when she broke her leg,) but not prior to then. The Appeals Council for the Social Security Administration adopted the findings and conclusions, and that adoption is the final decision which the district court upheld and from which Cruse appeals.

On appellate review, the court's duty, as is the district court's duty, is to evaluate all of the evidence on the record. The standard, and application of it, is discussed in *Brand v. Secretary of HEW*, 623 F.2d 523, 527 (8th Cir.1980). In order to sustain the defendant Secretary's decision there must be substantial evidence appearing on the record as a whole. The standard of review is more than a search for the existence of substantial evidence supporting the Secretary's findings. As Justice Frankfurter made clear in *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456 (1951), the substantiality of evidence must take into account whatever in the record fairly detracts from its weight.

Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. National Labor Relations Board*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938); *Metcalf v. Heckler*, 800 F.2d 793, 794 (8th Cir.1986). Substantial evidence is "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966).

To determine whether the Secretary's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

[*] The HONORABLE DEAN WHIPPLE, United States District Judge for the Western District of Missouri, sitting by designation.

[1] The HONORABLE GEORGE V. GUNN JR., United States District Judge for the Eastern District of Missouri.

[2] The HONORABLE CAROL E. JACKSON, United States Magistrate for the Eastern District of Missouri.

1. The credibility findings made by the ALJ.

2. The plaintiff's vocational factors.

3. The medical evidence from treating and consulting physicians.

4. The plaintiff's subjective complaints relating to exertional and non-exertional activities and impairments.

5. Any corroboration by third parties of the plaintiff's impairments.

6. The testimony of vocational experts when required which is based upon a proper hypothetical question which sets forth the claimant's impairment.

*Brand v. Secretary of HEW*, 623 F.2d 523, 527 (8th Cir.1980).

Cruse's appeal rests primarily on her assertion that the hypothetical question posed to the vocational expert was inadequate in that it failed to consider pain, and it referred to her "intermittent" use of alcohol. Cruse contends her alcohol use was greater than that suggested in the hypothetical question, and it established a disability. To establish a disability based on alcoholism, a claimant must show (1) that self-control has been lost to the point of being "impotent to seek and use means of rehabilitation" and (2) the disability is encompassed by the Social Security Act. *Metcalf v. Heckler*, 800 F.2d 793, 796 (8th Cir.1986), quoting *Adams v. Weinberger*, 548 F.2d 239, 245 (8th Cir.1977). Of course, whether the hypothetical question was posed properly will be determined by examining the other factors listed above. The particularly important factors here are the ALJ's credibility determinations and the corroboration from third parties—especially Cruse's daughter.

In her first application on March 22, 1983, Cruse claimed she had been disabled since May 1981 due to a sprained ankle, compression fracture of the vertebra and acute lumbar myofascitis. The application was denied initially and upon reconsideration. On October 7, 1983, after a hearing, an administrative law judge (ALJ) denied plaintiff's application for benefits. After this decision was affirmed by the Appeals Council, she appealed to district court. The district court remanded the case on June 6, 1985, to develop the record with respect to the plaintiff's mental condition and to further develop the record of Cruse's physical condition to determine if she had the ability to meet the standards required for sedentary activities on a routine basis.

Pursuant to the remand, an ALJ conducted a supplemental hearing. On July 31, 1986, the ALJ said in his recommended decision that Cruse had been disabled since December 22, 1984, but not before then. The ALJ found that, although Cruse was unable to perform her past relevant work as a housekeeper or waitress, she retained prior to December 22, 1984, the residual functional capacity to perform low-stress, repetitive, sedentary work. The ALJ also found that Cruse's subjective complaints of pain were not credible to the extent that they rendered her unable to perform sedentary work.

Cruse asserts she was disabled before filing her application for SSI on March 22, 1983. However, SSI benefits are not payable for a period prior to the application, and benefits were awarded for the period beginning December 22, 1984. Therefore, at issue here is the period between March 22, 1983, and December 21, 1984.

In her application, Cruse cited back and foot problems. She injured her back in a fall on August 9, 1982. When Cruse was discharged after treatment for the back injury, the treating physician expected her to be disabled for only a month. In January 1983, Cruse was hospitalized again but she made no complaint then about back problems or pain, although she had tenderness in the back area. The physician noted months later that the back problem was not as bad as Cruse thought it was. In late 1983 Cruse complained of back pain, but doctors found only a mildly decreased range of motion, negative straight-leg raising, and intact strength and reflexes.

Cruse's foot injury occurred in September 1981 when she sprained her ankle. Her walking cast had been removed in December 1981. When Cruse was hospitalized January 16, 1983, for urinary problems, the physician noted she could walk and he noted no deformity in her extremi-

ties. In March 1984, the physician found no need to prescribe medication or treatment, except that Cruse's alcohol consumption should be eliminated. The doctor put no limit on Cruse's activities.

Cruse did not rely upon urinary problems in her March 1983 application, although she had been hospitalized two months prior to that with such ailments. The record does not indicate that urinary problems were severe or disabling before December 22, 1984.

Emotional and mental problems are suggested in the record, although Cruse testified only that she always has been a "nervous[-]type person." A testing psychologist said Cruse was not disabled by any psychological or personality disorder, and that she was not precluded from simple, low-stress jobs. The psychologist had treated Cruse previously and was familiar with her history, so his opinion may be given great weight. *Ward v. Heckler,* 786 F.2d 844, 846 (8th Cir.1986).

■ Although the record shows Cruse sometimes excessively drank alcoholic beverages, the mere presence of alcoholism is not necessarily disabling. *See, Metcalf v. Heckler, supra,* 800 F.2d at 796. There is no allegation that Cruse was unable to control her drinking voluntarily. She did not allege in her application, or at the hearings, that she was disabled by alcoholism. Indeed, she denied having such a problem. The psychologist also said Cruse was not an alcoholic and that she could control her drinking if she chose to do so. Cruse's daughter testified that the drinking was not excessive until after a friend's death in March 1985. Thus, there was no evidence Cruse was disabled by alcoholism, alone or in combination with other impairments, prior to December 22, 1984.

■ Cruse's claim rested largely upon her subjective complaints of pain. The ALJ found her complaints, that pain was disabling prior to December 22, 1984, were not credible. Pain is recognized as disabling when it is not remediable and precludes a claimant from engaging in any form of substantial gainful activity. *Benson v. Matthews,* 554 F.2d 860, 863 (8th Cir.1977);

*Timmerman v. Weinberger,* 510 F.2d 439, 443 n. 2 (8th Cir.1975). The mere fact that working may cause pain or discomfort does not mandate a finding of disability. *Brown v. Bowen,* 794 F.2d 703, 707 (D.C. Cir.1986); *Epps v. Harris,* 624 F.2d 1267, 1274 (5th Cir.1980). Allegations or pain are not accepted blindly and must be evaluated against other evidence.

The ALJ evaluated complaints of pain in accordance with the directives of this court. In making credibility determinations, the ALJ may look at a number of factors, including the objective medical evidence, treatment, therapy, observations of a witness's demeanor and physical appearance, and the claimant's daily activities. The ALJ may also look at the duration, frequency and intensity of the pain, at the precipitating and aggravating factors, and at the dosage, effectiveness and side effects of medication. *Polaski v. Heckler,* 751 F.2d 943, 948 (8th Cir.1984); *Polaski v. Heckler,* 739 F.2d 1320, 1321–1322 (8th Cir. 1984); *Isom v. Schweiker,* 711 F.2d 88, 90 (8th Cir.1983). The evidence is to be weighed, and the credibility is to be assessed, by the Secretary. *Driggins v. Bowen,* 791 F.2d 121, 124–125 n. 2 (8th Cir.1986). If there are inconsistencies in the evidence as a whole, an ALJ is permitted to disbelieve a claimant's subjective complaints. *Conley v. Bowen,* 781 F.2d 143, 147 (8th Cir.1986); *Smith v. Heckler,* 760 F.2d 184, 187 (8th Cir.1985).

■ The objective medical evidence did not support Cruse's claim that she was disabled. None of the examining physicians offered an opinion that Cruse was disabled prior to December 22, 1984. The lack of objective medical evidence to support the degree of severity of alleged pain is a factor to be considered. *See, Ward v. Heckler,* 786 F.2d 844, 847 (8th Cir.1986).

The record contains inconsistencies which support the finding that Cruse's testimony is not credible. For instance, she stated that she lived with a friend, but her daughter testified that Cruse was the friend's housekeeper. In 1983 and 1984, Cruse complained of occasional dizziness and

headaches, and asked for her brain to be checked. Yet, in 1985, she denied that she had headaches, dizzy spells, or syncopal episodes. Cruse said one leg was shorter than the other, but no medical evidence verified the statement. In 1983 Cruse reported her only medication was Actifed and, in 1985, she reported that her only medication was extra-strength Tylenol "when needed." Cruse's allegations of disabling pain prior to December 22, 1984, are inconsistent with her minimal consumption of pain medication. *See Williams v. Bowen,* 790 F.2d 713, 715 (8th Cir.1986).

There also is inconsistency between Cruse's claim of a long-standing severe problem with drinking and the evidence. In 1979, she admitted to a doctor that she had abused alcohol. During the period in which he counseled her, the doctor found that she suffered from social and marital maladjustment, and that she appeared for her last session with him in an inebriated condition.

When he evaluated Cruse again in 1985, he reported that he did not consider her an alcoholic because she could control her drinking and could function well when she did not drink. Although Cruse was too inebriated to testify on the first day of her supplemental hearing, Cruse's daughter testified that the drinking did not become a problem until March 1985. The daughter testified that, prior to March 1985, Cruse would drink alcohol once or twice a week. Although there is evidence Cruse consumed alcohol to excess prior to December 22, 1984, that evidence was insufficient to support a conclusion that she was then disabled due to alcoholism.

In light of the evidence, and the credibility determinations which could be applied, the ALJ correctly posed his hypothetical question to the vocational expert. There was substantial evidence to support the ALJ's belief that Cruse's testimony about pain was not sufficiently credible. Further, there was substantial evidence to support the ALJ's characterization of Cruse's alcohol use as "intermittent" between March 22, 1983, and December 22, 1984. The hypothetical question was coined consistently with reasonable and substantial evidence, based upon the credibility findings that an ALJ is entitled and required to make.

The application of the medical-vocational regulations has been held to meet the Secretary's burden of showing other work a person can do when she no longer can do her former work. *Heckler v. Campbell,* 461 U.S. 458, 470, 103 S.Ct. 1952, 1959, 76 L.Ed.2d 66 (1983); *McCoy v. Schweiker,* 683 F.2d 1138, 1141 (8th Cir.1982). Use of the medical-vocational guidelines is appropriate if the ALJ explicitly discredits allegations of pain. *See Millbrook v. Heckler,* 780 F.2d 1371, 1373 (8th Cir.1985); *Johnson v. Heckler,* 744 F.2d 1333, 1338 (8th Cir.1984). As a framework for decision-making, the medical-vocational guidelines, which consider claimant's residual functional capacity, age, education, and work experience, found at 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1, Rule 201.24, indicate that Cruse was not disabled.

In addition, the ALJ considered the vocational expert's testimony that claimant could perform, prior to December 22, 1984, such sedentary jobs as hand-assembling, machine tending, inspecting, filing, or mail sorting, which existed in significant numbers in the local and national economy. The vocational expert's testimony was substantial evidence in support of the Secretary's decision. *See Vasquez v. Schweiker,* 701 F.2d 733, 736 (8th Cir.1983).

On the basis of the foregoing, the ALJ's findings were supported by substantial evidence and the district court's decision must be affirmed.