Homer EVANS, Appellant,

v.

Donna E. SHALALA, Secretary of Health & Human Services, Appellee.

No. 93–2469.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1994.

Decided April 14, 1994.

Russell C. Still, Columbia, MO, argued, for appellant.

Vernon Poschel, Asst. U.S. Atty., Kansas City, MO, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HANSEN, Circuit Judge, and

KOPF,* District Judge.

RICHARD S. ARNOLD, Chief Judge.

Homer Evans initiated this proceeding for social-security benefits in 1990, after his insured status ran out on March 31, 1989. His application for benefits was denied; he then requested a hearing before an Administrative Law Judge. The ALJ decided that Evans was not disabled. The Appeals Council adopted the ALJ's determination, and it became the Secretary's final decision. Evans sought judicial review. The District Court granted the Secretary's motion for summary judgment, holding that substantial evidence on the record as a whole supported the Secretary's decision. For reasons explained below, we reverse and remand.

## I.

Evans is 5′ 7″ tall and weighs 191 pounds; he has a seventh-grade education. In 1985, when Evans quit working, he was 56 years old and was disabled, he alleges, because he had swollen legs and heart, lung, and kidney problems. He suffers from, at the very least, hypertension, congestive heart failure, anxiety, and low-average intellectual functioning. Before 1985, Evans worked as a truck driver, mechanic, and delivery man. His work as a truck driver included hauling asphalt, rock, and other construction equipment. Based on his descriptions, these jobs frequently required him to lift items over 50 pounds and, at times, up to 100 pounds. The work he did is classified as "heavy work" under 20 C.F.R. § 416.967. Evans has not been able to perform this kind of work since 1985. Further, he is unquestionably disabled now, and was disabled when he filed this application. The question is whether he was disabled on or before March 31, 1989, when his insured status expired.

## II.

Review of the Secretary's decision to deny benefits is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *Neely v. Shalala,* 997 F.2d 437, 439 (8th Cir.1993). The Social Security Act sets out five steps for the ALJ to use when reviewing a claimant's request for disability. 20 C.F.R. § 404.1520; *Bowen v. City of New York,* 476 U.S. 467, 470–71, 106 S.Ct. 2022, 2024–25, 90 L.Ed.2d 462 (1986); *Martin v. Sullivan,* 901 F.2d 650, 652 (8th Cir.1990). At step four,[1] an ALJ must consider whether a claimant's impairments keep him from doing past relevant work. The ALJ evaluates a claimant's ability to do past relevant work based on a review of the claimant's residual functional capacity and the physical and mental demands of his past work. *Kirby v. Sullivan,* 923 F.2d 1323, 1327 (8th Cir.1991). If an ALJ finds that a claimant can return to his past relevant work, no disability exists. 20 C.F.R. § 404.1520(e); *Martin,* 901 F.2d at 652. Evans argues that the District Court erred in granting the Secretary's motion for summary judgment because the ALJ's finding of residual functional capacity to do past relevant work was not supported by substantial evidence.

## III.

The work Evans did required the physical exertion of a heavy job. It is clear that, even in 1985, he could not do this kind of labor anymore. The ALJ, however, is not required to classify a claimant's past relevant work solely on the basis of the physical demands of the claimant's actual past work. According to the Secretary's interpretation of past relevant work under 20 C.F.R. § 404.1520(e),

[A] claimant will be found to be "not disabled" when it is determined that he or she retains the [residual functional capacity] to perform:

1. The actual functional demands and job duties of a particular past relevant job; or

2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

---

* The Hon. Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

1. The first three steps in the five-step evaluation process are not relevant to this case.

S.S.R. 82–61, 1975–1982 Soc.Sec.Rep. 836, 838 (West 1983). Therefore, even though Evans cannot perform the actual demands of his particular past relevant work, if the ALJ finds he can carry out his job as performed generally within the national economy, he is not disabled under the regulations.

■■■ The Secretary's regulations allow an ALJ, when trying to determine what work exists in the national economy, to take notice of job information in the *Dictionary of Occupational Titles* (*DOT* ). 20 C.F.R. § 404.-1566(d)(1). The *DOT* categorizes almost all truck-driving jobs as "medium work." [2] See *DOT*, Part A, Section 05.08.01. It appears, therefore, that the ALJ could have concluded that Evans's past relevant work was medium work; the ALJ's decision, however, does not contain an express finding of this nature. Instead, the ALJ found that "[t]he claimant was able to perform a full range of at least light work through March 31, 1989. Light work involves lifting no more than twenty pounds." The ALJ then searched the *DOT* to find a job that he considered similar to Evans's work as a truck driver, stating that

[t]he claimant's past relevant work was as a truck driver and delivery driver for an auto parts store. The claimant could return to lighter work, in the driving area. This is similar to his past work as a delivery driver, truckdriver. Outside clerical, deliverer is classified as light work by the Dictionary of Occupational Titles. While the claimant indicates the job as he performed it would require lifting up to 100 pounds, it appears this job [outside clerical, deliverer], as more commonly performed, is a job with no need to lift more than a light exertional demand. The claimant could have performed his past relevant work as it is usually performed in the national economy during this time. There-

fore, a finding of not disabled is appropriate.

ALJ Decision at 4–5. The ALJ apparently determined that "similar work" is equivalent to "past relevant work," and upon finding that Evans could perform some such work, ceased his inquiry and never shifted the burden to the Secretary, as would have occurred if the analysis had proceeded to the fifth and last step of the sequence.

When using a generic definition, such as "outside clerical, deliverer," an ALJ runs the risk of considering jobs which are not actually past relevant work for the claimant. The Secretary has stated that testing whether a claimant retains the capacity to perform a past relevant job,

based on a broad generic, occupational classification of that job, *e.g.*, 'delivery job,' 'packaging job,' etc., ... is likely to be fallacious and unsupportable. While 'delivery jobs,' or 'packaging jobs,' etc., may have a common characteristic, they often involve quite different functional demands and duties requiring varying abilities and job knowledge.

S.S.R. 82–61, 1975–1982 Soc.Sec.Rep. 836, 837 (West 1983). In this case, the ALJ did exactly what the Secretary warned against. The ALJ broadly characterized Evans's past work as "delivery driver, truckdriver" [3] and failed to consider the different demands and duties of the jobs involved.

The actual definition the ALJ found relevant reads as follows:

230.663–010 DELIVERER, OUTSIDE (clerical) alternate titles: courier; messenger

Delivers messages, telegrams, documents, packages, and other items to business establishments and private homes, traveling on foot or by bicycle, motorcycle, automobile, or public conveyance. May

2. To have the residual capacity to perform "medium work," an individual must be able to lift or carry up to 25 pounds frequently and be able occasionally to lift fifty pounds. 20 C.F.R. § 416.967(c).

3. Even though it might seem that the term "delivery driver, truckdriver" is not generic, there are numerous positions that could fall within this classification. For example, the *DOT* lists eleven

types of truck drivers within the "Truck Driving" classification. *DOT* Code 05.08.01. Additionally, the *DOT* lists at least nineteen types of jobs for the "Services Requiring Driving" classification. *DOT* Code 05.08.03. It is within the twenty-four types of jobs listed under *DOT* Code 07.07.02, "Sorting and Distributions," that a "deliverer, outside clerical" is listed.

keep log of items received and delivered. May obtain receipts or payment for articles delivered. May service vehicle driven, such as checking fluid levels and replenishing fuel. May be designated according to item delivered, as Telegram Messenger.

*DOT*, p. 205. It seems clear to us that this description does not fit Evans's case. Most of the items listed as being delivered by someone doing this job seem markedly lighter than the items Evans had to lift and deliver. The job description of "DELIVERER, OUTSIDE (clerical)" seems much more paper-oriented and less physical than what Evans did. We think the ALJ characterized Evans's past relevant work too loosely.

Because the ALJ evaluated Evans's past work with an overly broad brush, his decision, based on an inapposite portion of the *DOT*, was not supported by substantial evidence. If, following the proper procedures, the ALJ finds the claimant cannot return to his past relevant work, he will have to shift the burden of proof from the claimant, who has had to prove he is disabled, to the Secretary, who, at step five, has the duty to establish that the claimant is not disabled under the Act. *Pickner v. Sullivan*, 985 F.2d 401, 403 (8th Cir.1993); *Butler v. Secretary of Health and Human Services*, 850 F.2d 425, 426 (8th Cir.1988). The Secretary would have to prove, either by the Medical–Vocational Guidelines ("the grid") [4] or by a vocational expert, that other kinds of work are available in the national economy which realistically suit the claimant. *O'Leary v. Schweiker*, 710 F.2d 1334, 1338–39 (8th Cir.1983).

The judgment is reversed, and the cause remanded to the District Court with instructions to remand to the Secretary for further proceedings consistent with this opinion.

---

4. It seems unlikely that the grid would support a determination of "not disabled." If Evans can do only light work, the grid would appear to require a finding of "disabled." Evans was over 55, which the Secretary defines as "advanced age," had marginal educational attainments, and seems to have done unskilled work. See 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 2, Rule 202.01.