_____

No. 95-3371
_____

Dorothy Jones,                          *
                                        *
          Appellant,              *
                                        *
                                        *  Appeal from the United States
     v.                           *  District Court for the District
Shirley S. Chater,                *  of South Dakota.
Commissioner of the Social  *
Security Administration,          *
                                        *
          Appellee.               *


_____

          Submitted:    May 15, 1996

             Filed:    June 19, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, MAGILL, Circuit Judge, and VAN
      SICKLE,* Senior District Judge.

_____

VAN SICKLE, Senior District Judge.

     Dorothy Jones appeals the district court's[1] grant of summary judgment
in favor of the appellee, the Secretary.  The district court affirmed the
conclusion of the Social Security Administration administrative law judge
("ALJ") to deny the appellant's application for benefits under 42 U.S.C.
§§ 401-433, 1381-1383c.  We affirm.


_____

     *The HONORABLE BRUCE M. VAN SICKLE, Senior United States
     District Judge for the District of North Dakota,
     sitting by designation.

     [1]The Honorable John B. Jones, Senior Judge, United States
District Court for the District of South Dakota, presiding.

## I.    BACKGROUND

Plaintiff applied for benefits in June of 1993, claiming disability due to arthritis, diabetes, kidney infections, high blood pressure, and palsy.  She had worked as a teacher's aide on the Rosebud Sioux reservation from 1971 until May, 1993.  Her job activities sometimes included lifting heavy objects such as overhead projectors and computers.  She also volunteered, on a daily basis, to lift the children's chairs and place them on the desks to ease the workload of the janitor.  Plaintiff complained of various ailments to the Public Health Service, but they appear to have been treated with mild drugs, were not serious, or were not followed up by the Plaintiff.

A hearing was held on April 15, 1994 at which the claimant was present and represented by counsel.  The ALJ found that the plaintiff could perform work "existing in significant numbers in the national economy" and was not entitled to Social Security benefits.  The ALJ believed that the ailments with which the plaintiff was afflicted were not severe and the medication which the plaintiff was taking did not cause any harsh side effects.  The plaintiff's pain precluded her from performing heavy work, but she has "the residual functional capacity to perform at least the full range of light work activities."  While the plaintiff claimed that she lifted heavy objects during the course of a work day, the job of teacher's aide, as generally performed in the economy, only required light work.  Therefore, the ALJ found, the plaintiff would be able to return to her past relevant work as a teacher's aide.

The Social Security Appeals Council denied the plaintiff's request for review of the ALJ's decision.  Thus, the determination to deny benefits became the final decision of the Commissioner.  See 20 C.F.R. §§ 404.981, 416.1481.  The district court, on appeal of the Commissioner's denial of benefits, held that there was substantial evidence to support the commissioner's decision.  The

district court found that the plaintiff's evidence of anxiety, allegedly from supervising children, was not disabling. The district court noted that her past work as a teacher's aide "was not so unique as to render it something other than the position described in the" Dictionary of Occupation Titles ("DOT"). The plaintiff appeals the grant of the Commissioner's motion for summary judgment.

## II. DISCUSSION

A claimant for disability benefits bears the burden of proving that she is unable to engage in any substantial gainful activity because of a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. 42 U.S.C. § 1382c(a)(3)(A); Woolf v. Shalala, 3 F.3d 1210, 1212 (8th Cir. 1993); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir. 1983). Review of the Secretary's decision to deny benefits is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Evans v. Shalala, 21 F.3d 832, 833 (8th Cir. 1994). See Hutsell v. Sullivan, 892 F.2d 747, 750 (8th Cir. 1989) (stating that ALJ's determination of claimant's credibility will be upheld if supported by substantial evidence on the record as a whole). Substantial evidence is that which a reasonable mind might accept as adequate to support the Secretary's conclusion. Woolf, 3 F.3d at 1213. Even if there is substantial evidence which would support a decision opposite to that of the Secretary, this court must affirm her decision as long as there is substantial evidence in favor of her position. Id.; Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

The Social Security Act sets out five steps for the ALJ to use when reviewing a claimant's request for disability. 20 C.F.R. § 404.1520; Evans, 21 F.3d at 833. The relevant step in this case is step four in which the ALJ must consider whether a claimant's

impairments keep her from doing past relevant work. 20 C.F.R. § 404.1520(e). <u>See</u> <u>Titus v. Sullivan</u>, 4 F.3d 590, 594 (8th Cir. 1993) (following Tenth Circuit's decision in <u>Alexander v. Richardson</u>, 451 F.2d 1185, 1186 (10th Cir. 1971), 407 U.S. 911 (1972)), that in order to be "disabled", one must possess both a medically determinable mental or physical impairment and an inability to engage in gainful activity of which both will continue for at least twelve months).  If the ALJ cannot make a decision based on current work activity or medical facts alone, he shall evaluate a claimant's ability to do past relevant work based on a review of the claimant's residual functional capacity and the physical and mental demands of her past work. 20 C.F.R. § 404.1520(e) and 416.920(e); <u>Nimick v. Secretary of Health and Human Svcs.</u>, 887 F. 2d 864, 866 (8th Cir. 1989). <u>See also</u> <u>Groeper v. Sullivan</u>, 932 F.2d 1234, 1238-39 (8th Cir. 1991) ("The ALJ must specifically set forth the claimant's limitations, both physical and mental, and determine how those limitations affect the claimant's residual functional capacity.").

A claimant will be found to be not disabled if she retains the residual functional capacity to perform:

> "1.   The actual functional demands and job duties of a particular past relevant job; or
> 2.   The functional demands and job duties of the occupation as generally required by employers throughout the national economy." Social Security Ruling ("S.S.R.") 82-61. <u>See</u> <u>Martin v. Sullivan</u>, 901 F.2d 650, 653 (8th Cir. 1990) (approving of this S.S.R. 82-61 test and holding that a claimant who cannot perform a particular past job may still be able to perform her past relevant work under the second part of the test).

To determine what a typical job description is in the "national economy", an ALJ may take notice of job information in the Dictionary of Occupational Titles.  <u>Evans</u>, 21 F.3d at 834.  <u>See</u> 20 C.F.R. § 404.1566(d)(1). The ALJ must be careful not to characterize the specific work a claimant performed too broadly by

-4-

using a generic job description.  See id.

An ALJ cannot reject a claimant's subjective complaints of pain solely because the objective medical evidence does not fully support them. Nunn v. Heckler, 732 F.2d 645, 648 (8th Cir. 1984).  The ALJ must consider the claimant's prior work record as well as observations by third parties regarding (1) daily activities, (2) the duration, frequency, and intensity of pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. Robinson v. Sullivan, 956 F.2d 836, 839 (8th Cir. 1992) (citation omitted).  While pain may be disabling if it precludes a claimant from engaging in any form of substantial gainful activity, the mere fact that working may cause pain or discomfort does not mandate a finding of disability. Cruse v. Bowen, 867 F.2d 1183, 1186 (8th Cir. 1989).  The ALJ may discount the claimant's allegations of pain when he explicitly finds them inconsistent with daily activities, lack of treatment, demeanor, and objective medical evidence.  Hutsell, 892 F.2d at 750 (citing Long v. Bowen, 866 F.2d 1066, 1067 (8th Cir. 1989)).  See Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir. 1990) ("If an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, we will normally defer to that judgment.").

There is substantial evidence on the record as a whole to uphold the decision of the ALJ, the Social Security Appeals Council, and the District Court to deny the petitioner benefits.  The petitioner was employed as a teacher's aide at a school on the Pine Ridge reservation.  In addition to her duties as an aide, she voluntarily participated in lifting heavy objects to reduce the workload of the custodial staff.  There is little evidence demonstrating that the petitioner experiences pain so debilitating that she cannot perform light work nor so constant that it will last at least twelve months.  Even assuming that she was living through severe pain, the job of teacher's aide should be viewed along the lines of what this type of position entails nationwide.

That she voluntarily performed duties beyond the scope of the position does not entitle her to receive benefits for injuries possibly caused by this extra assistance. As the ALJ correctly determined, the petitioner can still perform the traditional duties of a teacher's aide. Therefore, the decision of the lower tribunals and the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.