**UNITED STATES COURT OF APPEALS**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2210MN

_____

Robert L. Johnson,                           *
                                             *
    Plaintiff-Appellant,    *   On Appeal from the United
                                             *   States District Court for the
 v.                                         *   District of Minnesota.
                                             *
Shirley S. Chater, Commission- *
er of the Social Security      *
Administration,                              *
                                             *
    Defendant-Appellee.     *

_____

Submitted:   December 13, 1996

Filed:       March 17, 1997

_____

Before McMILLIAN and MAGILL, Circuit Judges, and WEBBER,[1] District Judge.
_____

WEBBER, District Judge.

Robert L. Johnson appeals from the district court's[2] final judgment, affirming the Social Security Administration decision denying disability insurance benefits, and from the district court's order denying Johnson's motion to amend the final judgment.  We affirm.

I.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Johnson applied for disability insurance benefits on March 4, 1992. His application was denied initially and upon reconsideration. He then requested a hearing before an administrative law judge (ALJ). At the time of his hearing on September 23, 1993, Robert L. Johnson was a 53-year old man with a 9th-grade education, no vocational training and an employment history reflecting only unskilled jobs. He had been employed as a truck driver and electrician's helper from 1967 to 1991. He had engaged in no income producing work activity since December, 1991. His marketable skills have been compromised by a series of disabling injuries. In 1962, he suffered a back injury when a boom, forty feet in length fell on his head and back, and thereafter his ability to lift was gradually restricted. He received a shoulder injury in a motorcycle accident in 1991, and lost an eye in an air compressor incident in 1992, which has impaired his depth perception. These separate injuries have cumulatively restricted his activities. Johnson has complained of repetitive severe back pain which radiates into his left leg and for which he takes Advil. After the hearing, the ALJ found that Johnson was not under a "disability," as defined in the Social Security Act, and was not entitled to disability insurance benefits.

After Johnson's request for review by the Appeals Council of the Social Security Administration was denied, Johnson brought this action in United States District Court for the District of Minnesota, seeking review of the ALJ's decision, which became the final decision of the Secretary of Health and Human Services (Secretary) pursuant to 42 U.S.C. § 405(g). See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992). On December 8, 1995, the district court granted the Secretary's motion for summary judgment, affirming the Secretary's decision to deny benefits. On December 18, 1995, Johnson moved to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. On

April 10, 1996, the district court denied this motion, and Johnson timely appealed.

This Court's review is limited to whether the decision of the Secretary to deny disability benefits is supported by substantial evidence on the record as a whole. Lorenzen v. Chater, 71 F.3d 316, 318 (8th Cir. 1995). Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996). We must consider both evidence that supports and evidence that detracts from the Secretary's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996) (citing Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993)). To determine whether the Secretary's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

1. The credibility findings made by the ALJ.

2. The plaintiff's vocational factors.

3. The medical evidence from treating and consulting physicians.

4. The plaintiff's subjective complaints relating to exertional and non-exertional activities and impairments.

5. Any corroboration by third parties of the plaintiff's impairments.

6. The testimony of vocational experts when required which is based upon a proper hypothetical question which sets forth the claimant's impairment.

Cruse v. Bowen, 867 F.2d 1183, 1184-85 (8th Cir. 1989) (quoting Brand v. Secretary of HEW, 623 F.2d 523, 527 (8th Cir. 1980)).

The ALJ conducted the five-step sequential evaluation process outlined in the regulations of the Social Security Administration at 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920 for the evaluation of Johnson's disability. The ALJ found that Johnson had not engaged in substantial gainful activity since the alleged onset of his disability on September 2, 1991; that Johnson suffered from severe impairments in the form of a disc herniation at the L4-5 vertebrae, a distal supraspinatus tendon tear at his left shoulder, and a prosthetic implant right eye; that his impairments, while severe, did not, either individually or in combination, meet or medically equal the level of severity of any impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1; and that Johnson was unable to perform his past relevant work as a truck driver or electrician's helper. In evaluating the fifth step, the ALJ found that there were a significant number of jobs in the category of sedentary or light work in the national and regional economies which Johnson could perform, and therefore, he was not disabled under the Social Security Act.

II.

Johnson first challenges the ALJ's findings as to the fifth step, asserting that there is no substantial evidence to support the ALJ's finding that Johnson was capable of performing light work. Johnson asserts he is limited to only sedentary work, cannot perform light work, and therefore, under the Social Security guidelines, is disabled and entitled to disability benefits.

Under the relevant guidelines, a finding that Johnson can only perform sedentary work means that he is disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.10. If Johnson can perform light work, he is not disabled. Id. at Rule 202.10. Under the guidelines, the functional capacity to perform a full range of

light work includes the functional capacity to perform sedentary as well as light work.  Light work is defined as

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).  At the administrative hearing, the vocational expert testified that the hypothetical claimant with Johnson's limitations, including the capacity to lift fifteen to twenty pounds, could perform a range of jobs from sedentary to light work, but that if the hypothetical claimant could lift only ten to fifteen pounds, he could perform only sedentary work.

After reviewing the medical evidence and Johnson's testimony, and making certain credibility findings, the ALJ concluded that Johnson possessed the overall physical functional capacity for sedentary to light exertional work.  The ALJ found that Johnson could sit for forty-five minutes at a time and for four to five hours in an eight-hour workday, could stand for forty-five minutes at a time and for four hours in an eight-hour workday, and could walk for thirty minutes at one time or for two hours in an eight-hour workday.  The ALJ found Johnson could occasionally bend and stoop for daily activities, squat, crawl, climb heights, crouch, kneel and balance, and frequently reach above shoulder level with his right arm.  The ALJ found that Johnson could not use his left arm for any activities requiring reaching at or above shoulder level. The ALJ further found that Johnson could perform repetitive

movement with his right but not his left leg, could use his hands for repetitive action such as simple grasping, firm grasping, and fine manipulating, but could not engage in push/pull activities with his upper extremities. The ALJ found that, although Johnson's residual functional capacity assessment indicated that Johnson could only lift or carry up to ten pounds on an occasional basis, Johnson in fact had the capacity to lift up to fifteen to twenty pounds, based on Johnson's own admissions at the administrative hearing. The ALJ further found that Johnson's vision impairment limited his ability to perform those sedentary or light exertional jobs which required depth perception and binocularity, but that Johnson's pain and other subjective complaints did not limit his capacity for sedentary or light exertional work.

On appeal, Johnson challenges the ALJ's finding that he could lift up to fifteen to twenty pounds on the ground that this conclusion is not supported by substantial evidence in the record as a whole. At the hearing, in response to questioning from the ALJ, Johnson testified that the heaviest amount of weight he could lift occasionally during the day was a two-gallon gas can that he used for filling his lawn mower. Johnson and the ALJ agreed that, assuming a gallon of liquid weighed eight pounds, Johnson lifted in the area of fifteen to twenty pounds. Johnson argues that the ALJ's conclusion was in error. He now asserts that a gallon of gasoline, according to the Minnesota Department of Public Service Weights and Measures Division, weighs only 6.00 to 6.33 pounds per gallon, and that therefore, Johnson can only occasionally lift 10 to 15 pounds. He asks this Court to take judicial notice of the weight of a gallon of gasoline.

Johnson first presented this evidence and argument to the district court in a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, after the district court affirmed the ALJ's decision. The district court,

recognizing the limited purpose of a Rule 59(e) motion,[3] refused to consider Johnson's argument, as the issue of the weight of gasoline and the amount of weight Johnson could lift was not raised by Johnson at any prior time in the proceedings, despite the availability to Johnson of such evidence and his knowledge of the ALJ's reliance on Johnson's statement that he could lift two gallons of gasoline plus a plastic gasoline can. The district court noted that, despite ample opportunity to do so, Johnson failed to present this issue to the ALJ, the Appeals Council, the Magistrate Judge, and the district court prior to summary judgment. Even acknowledging the lighter weight of gasoline, the district court noted that it was unknown how much the gasoline container weighed or how much Johnson exerted himself lifting the container of gasoline, and that the total weight which Johnson was capable of lifting could still very well be over fifteen pounds.

We agree with the district court that Johnson improperly attempted to raise new factual issues in his motion to alter or amend the judgment which could and should have been asserted earlier in the proceedings. Evidence to correct the ALJ's assumption concerning the weight of gasoline should have been presented at the agency level, first to the ALJ and then to the Appeals Council. See Weikert v. Sullivan, 977 F.2d 1249, 1254 (8th Cir. 1992) (failure to raise argument at the agency level ordinarily prevents party from raising issue in judicial proceedings).

---

[3]A motion to alter or amend a judgment under Rule 59(e) is intended to correct manifest errors of law or fact or to present newly discovered evidence. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1987), cert. denied, 488 U.S. 820 (1988). Arguments and evidence which could, and should, have been raised or presented at an earlier time in the proceedings cannot be presented in a Rule 59(e) motion. Garner v. Arvin Indus. Inc., 77 F.3d 255, 258-59 (8th Cir. 1996).

Johnson asserts that, under the mandatory language of Rule 201(d) of the Federal Rules of Evidence, this Court must take judicial notice of the weight of a gallon of gasoline. Assuming this is the proper type of fact for judicial notice under Rule 201, this Court, when conducting appellate review of an administrative decision, has discretion as to whether to take judicial notice. This is so, despite the language of Rule 201(d), because to take judicial notice of a fact such as the one Johnson suggests would undermine the ALJ's role as the factfinder under the Social Security Act. See Matthews v. Marsh, 755 F.2d 182, 183-84 (1st Cir. 1985) (not ordinarily proper for appellate court to take judicial notice of new evidence not in the record); Kemlon Prods. & Dev. Co. v. United States, 646 F.2d 223, 224 (5th Cir.) (inappropriate for court of appeals to take judicial notice of extra-record facts), cert. denied, 454 U.S. 863 (1981); Zell v. Jacoby-Bender, Inc., 542 F.2d 34, 38 (7th Cir. 1976) (refusing to take judicial notice of documents filed in companion case because to do so would violate rule that appellate court must consider only record before trial court and exception for new evidence was not met).

Even if we were to recognize such improperly presented evidence, we could not conclude that the ALJ's decision as to the amount of weight Johnson could lift was in error. Here, there is no evidence of the weight of the container or the amount of gasoline which Johnson actually carried in it when Johnson lifted it. Under such circumstances, we decline his invitation to enter this cavern of speculation.

Moreover, other evidence in the record corroborates Johnson's admission that he was able to lift fifteen to twenty pounds and thus, supports the ALJ's conclusion. Both Dr. Alan Suddard and Dr. Robert Hammerstrom, physicians who examined Johnson's medical records for the Social Security Administration, concluded that

Johnson could lift up to twenty pounds occasionally. While Dr. Suddard's and Hammerstrom's reports may be at odds with the conclusion of a Dr. Robert Dahl, an occupational therapist who performed a work tolerance assessment of Johnson and determined that Johnson could occasionally lift or carry ten pounds without experiencing symptoms of pain, they do provide additional evidence in the record to support the ALJ's finding that Johnson could lift fifteen to twenty pounds. We note that Dr. Dahl's conclusions are inconsistent with Johnson's admission that he lifted the two-gallons of gasoline. Together, we conclude that Johnson's admissions and the physicians' reports constitute substantial evidence on the record as a whole that Johnson was able to lift up to twenty pounds occasionally.

## III.

Johnson also argues that the ALJ erred in finding that his subjective complaints of pain were not credible. Johnson asserts that his subjective complaints of pain were credible and that his pain was of sufficient severity to be disabling.

Subjective complaint's of pain cannot be rejected solely because the objective medical evidence in the record does not fully support them. Jones v. Chater, 86 F.3d 823, 826 (8th Cir. 1996). Rather, an ALJ must evaluate a claimant's subjective complaints of pain in accordance with the standards set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). In evaluating a claimant's subjective complaints, the ALJ must give consideration to a claimant's prior work record, as well as to observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, and side-effects of medication; and (5) functional restrictions. Fountain v. Railroad

Retirement Bd., 88 F.3d 528, 531 n.3 (8th Cir. 1996) (citing Polaski, 739 F.2d at 531). An ALJ may discount a claimant's subjective complaints of pain only if there are inconsistencies in the record as a whole. Ostronski v. Chater, 94 F.3d 413, 418 (8th Cir. 1996) (citing Smith v. Shalala, 987 F.2d 1371, 1374 (8th Cir. 1993)). "While pain may be disabling if it precludes a claimant from engaging in any form of substantial gainful activity, the mere fact that working may cause pain or discomfort does not mandate a finding of disability." Jones, 86 F.3d at 826.

Johnson asserts that the ALJ's findings of inconsistency regarding his pain are not supported by the record as a whole or do not warrant a conclusion that appellant is not credible. We disagree.

At the hearing before the ALJ, Johnson painted a bleak picture of his daily abilities and activities, describing them as very limited. However, as pointed out by the ALJ, Johnson's lifestyle is fairly active. Evidence in the record indicates that Johnson walks about one mile each day and drives occasionally. He operates a farm tractor to perform chores and occasionally plows snow. He spends time in his garage, and he testified that he repairs lawn mowers. He helps with household repairs such as cleaning the furnace. He maintains an active social calendar playing cards semi-weekly and visiting friends, relatives and neighbors. He reads about two hours daily, goes hunting and shopping occasionally, goes to the movies, participates in activities of organizations including his church and watches television. The ALJ properly noted these inconsistencies.

Although Johnson complained of disabling pain, the ALJ noted that Johnson had never taken any prescribed pain medication or complained to any treating or examining physician that he experienced such severe pain. Further, the ALJ noted the paucity

of any medical treatment sought by Johnson, in light of his subjective complaints of such severe pain. Johnson did contact a Dr. William J. Knipp on April 27, 1992, for examination in connection with his application for disability benefits. However, Dr. Knipp noted the facts that Johnson was not consulting another physician for back discomfort and had previously reported no significant back trouble, which were inconsistent with Johnson's subjective complaints of disabling pain. See Comstock v. Chater, 91 F.3d 1143, 1147 (8th Cir. 1996) (ALJ properly discounted subjective complaints of pain where applicant failed to pursue regular medical treatment, took no medication other than aspirin, and engaged in daily activities inconsistent with claims of disabling pain); Soger v. Railroad Retirement Bd., 974 F.2d 90, 93-94 (8th Cir. 1992) (ALJ properly discredited subjective complaints of pain where applicant failed to seek medical treatment for pain, refused any pain medication and testified that he could mow lawn, shop and walk daughter to park); Wingert v. Bowen, 894 F.2d 296, 299 (8th Cir. 1990) (applicant for benefits did not visit physician for conditions or take any regular medication except for aspirin).

Finally, the ALJ correctly found that Johnson had made no effort to obtain other employment within his range of limitations. While Johnson did testify that he tried to obtain other work in the nature of driving tractors and moving bales for his neighbors, these jobs were clearly outside of his limitations.

Upon careful review, we conclude that the ALJ's findings are supported by substantial evidence on the record as a whole and that substantial evidence supports the conclusion that Johnson is not disabled under the Social Security Act.

The judgment is affirmed.

A true copy.

Attest:

       CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.