**Gail THOMAS, Plaintiff,**

v.

**Kenneth S. APFEL,[1] Commissioner of Social Security, Defendant.**

No. 4–97–CV–90679.

United States District Court,
S.D. Iowa,
Central Division.

Oct. 5, 1998.

Michael DePree, Davenport, IA, for Plaintiff.

William C. Purdy, Assistant U.S. Attorney, Des Moines, IA, for Defendant.

## MEMORANDUM OPINION AND ORDER

PRATT, District Judge.

Plaintiff, Gail Thomas, filed a Complaint in this Court on October 20, 1997, seeking review of the Commissioner's decision to deny her claim for disability insurance benefits under Title XVI of the Social Security Act. 42 U.S.C. § 1381. This Court may review a final decision by the Commissioner. 42 U.S.C. § 405(g). For the reasons set out herein, the Commissioner's decision is reversed and the Commissioner is ordered to award benefits.

---

1. President Clinton appointed Kenneth S. Apfel to serve as Acting Commissioner of Social Security, effective September, 29, 1997, to succeed John J. Callahan. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel is hereby substituted for John J. Callahan as defendant in this action.

## BACKGROUND

Plaintiff filed an application for Supplemental Security Income disability benefits on September 12, 1994. Tr. at 132–34. Her application was denied initially and upon reconsideration. After a hearing (Tr. at 73–101), Administrative Law Judge Jean M. Ingrassia (ALJ) issued a decision on June 13, 1996, denying benefits. Tr. at 35–52. On September 3, 1997, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Tr. at 5–7. On October 20, 1997, Plaintiff filed a Complaint in this Court.

Plaintiff appeared with counsel and testified at the administrative hearing on March 20, 1996. After Plaintiff testified, the ALJ called Carma Mitchell to testify as a vocational expert. The ALJ asked the following hypothetical question:

> [W]ell, I'll pose the restriction to the vocational expert. It says that with her left hand she can lift 2 pound weights, 3 repetitions within 15 minutes. Three pound weights, 3 repetitions. With her right hand, 2 pound weights 20 repetitions. This is Exhibit 39, page 5. As far as standing and walking, Dr.—says 3 hours in an 8 hour every day without interruption every 20 minutes. As far as sitting, you could sit 8 hours in an 8 hour day. One hour without interruptions, Exhibit 39, page 2. You should alternate between sitting and standing every hour. Can do occasional climbing, balancing, kneeling, frequent reaching overhead. No stooping crouching, or crawling. Now as far as using your upper extremities and hands, simple grasping, you can do simple grasping according to the doctor. ... You can do fine manipulation. ... Pushing and pulling limited to 10 to 15 pounds. You can operate foot controls. You should not work around [vibrating] machines. You should not work in temperature extremes, high humidity and cold. You can grasp and do fine manipulation, however, on your left hand, you can't use your third finger because of insufficient flexion in the finger joints.

Tr. at 96–97. In response, the vocational expert testified that Plaintiff could not perform any of her past relevant work as she did it, but that she could do the job of a substance abuse counselor as it is done in the national economy, i.e. as described in the Dictionary of Occupational Titles (DOT). Tr. at 97. The vocational expert also said that Plaintiff would have no transferable skills (Tr. at 98), and that there would be no unskilled work that Plaintiff could perform (Tr. at 99) given the restrictions in the hypothetical.

In her decision, the ALJ found that Plaintiff had not worked since she filed her application for SSI benefits. The ALJ found that the medical evidence establishes that Plaintiff has severe rheumatoid arthritis, but that she does not have an impairment listed in Appendix 1, Subpart P, Regulations No. 4. The ALJ found that Plaintiff has a residual functional capacity consistent with the hypothetical question. The ALJ found that Plaintiff is able to do her past work as a substance abuse counselor and, therefore, not disabled. Tr. at 47.

## DISCUSSION

Review of a final decision of the Commissioner of Social Security, is limited to determining if the decision is supported by substantial evidence on the record as a whole. In *Scott v. Chater*, 112 F.3d 367, 368 (8th Cir.1997), the Court wrote:

> Judicial review by both the district court and the appellate court is "limited to determining whether there is substantial evidence base on the entire record to support the ALJ's factual findings" and whether the ALJ's decision "was based on legal error." *Clark v. Chater*, 75 F.3d at 416 (citing *Keller v. Shalala*, 26 F.3d 856, 858 (8th Cir.1994)). *See also Carlock v. Sullivan*, 902 F.2d 1341, 1343 (8th Cir.1990) (citing 42 U.S.C. § 405(g) and *Bolton v. Bowen*, 814 F.2d 536, 537 (8th Cir.1987)). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Clark v. Chater*, 75 F.3d at 416 (citing *Reed v. Sullivan*, 988 F.2d 812, 814 (8th Cir.1993)). If we find "it possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, we must affirm the [agency's] decision." *Robinson v. Sul-*

*livan,* 956 F.2d 836, 838 (8th Cir.1992) (citing *Cruse v. Bowen,* 867 F.2d 1183, 1184 (8th Cir.1989)).

■ A reviewing court should neither consider a claim de novo, nor abdicate it's function to carefully analyze the entire record. *Brinker v. Weinberger,* 522 F.2d 13, 16 (8th Cir.1975).

The parties in this case argue about whether the RFC found by the ALJ allows performance of the job of substance abuse counselor as done in the national economy. In the opinion of the Court, the more important question is: Was the job of substance abuse counselor, as done in the national economy, one of Plaintiff's past relevant jobs? In *Terrell v. Apfel,* 147 F.3d 659, 661, (8th Cir. 1998), the Court wrote:

> In determining whether a claimant can perform his or her past relevant work, social security regulations provide that the ALJ should normally only consider work that meets the following requirements: (1) the claimant performed the work in the prior 15 years; (2) the work lasted long enough for the claimant to learn to do it; and (3) the work was "substantial gainful activity." *See* 20 C.F.R. § 416.965(a).

■ To determine what a typical job description is in the "national economy," an ALJ may take notice of job information in the DOT. *Jones v. Chater,* 86 F.3d 823, 826 (8th Cir.1996). "The ALJ must be careful not to characterize the specific work a claimant performed too broadly by using a generic job description." *Id.* The vocational expert classified the job of substance abuse counselor as DOT code 045.107–058. Tr. at 319. Each job described in the DOT is assigned a number that reflects the job's specific vocational preparation time (SVP), i.e. how long it generally takes to learn the job. *Fines v. Apfel,* 149 F.3d 893, 895 (8th Cir.1998). The

DOT states that the job of substance abuse counselor is a skilled job with a SVP of 8— over 4 years and up to and including 10 years. Plaintiff testified that she went through a two year training program at a community college and was "certified" in 1993. Tr. at 80. Plaintiff worked as a substance abuse counselor from February 7, 1994, until August 31, 1994. Tr. at 177. After the hearing, the ALJ sent interrogatories to Plaintiff's previous employer. Tr. at 321–22. The employer classified Plaintiff's job as "counselor/assessment counselor." When asked to describe Plaintiff's work quality, the employer responded: "Sufficient with considerable supervision." Tr. at 321. It was error for the ALJ to hold that substance abuse counselor, as done in the national economy, was part of Plaintiff's past relevant work because she had not done the job "long enough to learn to do it," as required by the regulation. While it is true that Plaintiff said she was certified as a substance abuse counselor, and did this job, "with considerable supervision," for some six months, the vocational expert testified that she would not be able to do that work, as done by Plaintiff, given the restrictions in the hypothetical question. The job described by the DOT requires more vocational preparation than Plaintiff had undertaken. Although she had some education as a substance abuse counselor, and may have done some aspects of the job, the evidence in this record makes it clear that Plaintiff did not do the job of substance abuse counselor, as described by the DOT, long enough to learn to do it. Therefore, the job described by the DOT was not part of Plaintiff's past relevant work. The ALJ's finding that Plaintiff can return to her past relevant work is erroneous as a matter of law. *See Nimick v. Secretary of Health & Human Services,* 887 F.2d 864, 866 n. 3 [2] (8th Cir.1989).

2. "FN3. 20 C.F.R. § 404.1565(a) considers work experience relevant to this determination where it is 'done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity.' That regulation further provides: 'If you have no work experience or worked only "off-and-on" or for brief periods of time during the 15 year period, we generally consider that these [jobs] do not apply.' Ms. Nimick was employed as a machine operator

from August, 1969, to February, 1970. That is more than 15 years prior to the July 9, 1986, date on which she filed for benefits. Further, she was only employed there for seven months. We have serious doubts as to whether this was long enough to 'learn to do it' or 'was substantial gainful activity.' This employment, as well as the rest of Ms. Nimick's past employment, would seem to place her into that 'off-and-on' category

Because Plaintiff is unable to do her past relevant work, the burden of proof is on the commissioner to prove with medical evidence that Plaintiff has a residual functional capacity to work, and that work exists in significant numbers in the national economy that Plaintiff is able to do in her impaired condition. *Wilcutts v. Apfel,* 143 F.3d 1134, 1137 (8th Cir.1998). Given the restrictions in the hypothetical, the vocational expert testified that Plaintiff would not be able to transfer any of her skills or do any unskilled work. Tr. at 98–99.

■ Since Plaintiff is unable to do her past relevant work, or any other work in the national economy, a remand to take additional evidence would only delay the receipt of the benefits to which Plaintiff is clearly entitled. In such circumstance, a reversal with an award of benefits is the appropriate remedy. *Flanery v. Chater,* 112 F.3d 346, 350 (8th Cir.1997).

Defendant's motion to affirm the final decision of the Commissioner is denied. This cause is remanded to the Commissioner for the sole purpose of computation and payment of SSI benefits to which Plaintiff is entitled.

The judgment to be entered will trigger the running of the time in which to file an application for attorney's fees under 28 U.S.C. § 2412(d)(1)(B) (Equal Access to Justice Act). *See Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

of employee so that she should be considered to have no relevant past work experience."