# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2826

_____

Jeffrey C. Lane

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 14, 2016
Filed: June 2, 2016
[Unpublished]

_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

_____

PER CURIAM.

Jeffrey Lane appeals the district court's[1] judgment upholding the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Commissioner determined that Lane was not disabled and therefore was not entitled to disability insurance benefits and supplemental security income. We affirm.

Lane filed applications for disability benefits and supplemental security income on October 17, 2011. He alleged that he had been disabled since September 27, 2011, due to his suffering from thyrotoxicosis (Graves' disease), "thyrotoxic storms," a fast-beating heart, and psychosis. After reviewing Lane's medical records, the Commissioner denied Lane's application both initially and upon reconsideration.

Administrative Law Judge ("ALJ") Clarence Stripling considered Lane's claim *de novo* in a hearing at which Lane, Lane's mother, and a vocational expert testified. Following that hearing, the ALJ issued a decision finding that although Graves' disease represented a "severe impairment" under Social Security Administration regulations, *see* 20 C.F.R. § 404.1520, Lane's condition had improved significantly since he began receiving treatment for the disease. The ALJ further found that Lane's psychological and digestive issues were non-severe medical impairments that "d[id] not significantly limit [Lane's] physical or mental ability to do basic work activities." *See* 20 C.F.R. § 404.1521. Based on these findings and the testimony of the vocational expert, the ALJ determined that Lane retained a "residual functional capacity" to perform tasks classified as "light work" under the regulations and that he could return to his past relevant work as a fast-food worker. *See* 20 C.F.R. §§ 404.1520, 404.1567(b). The ALJ thus concluded that Lane was not disabled and did not qualify for benefits.

---

[1] The Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

The ALJ's decision became final after the appeals counsel denied Lane's request for review. Lane then filed a complaint in the United States District Court for the Eastern District of Arkansas seeking judicial review of the Commissioner's final decision. The district court affirmed the Commissioner's denial of benefits, and Lane now appeals.

We review *de novo* the district court's decision affirming the ALJ's denial of benefits. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). In reviewing the ALJ's decision, we examine whether it is supported by substantial evidence and whether the ALJ made any legal errors. *Id.* "Substantial evidence is less than a preponderance of the evidence but is 'such relevant evidence as a reasonable mind would find adequate to support the Commissioner's conclusion.'" *Id.* (internal citation omitted) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). We may not reverse simply because we would have reached a different conclusion than the ALJ or because substantial evidence supports a contrary conclusion. *Id.*

"The Social Security Act sets out five steps for the ALJ to use when reviewing a claimant's request for disability." *Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996) (citing 20 C.F.R. § 404.1520). Lane's appeal concerns step four of this analysis, which requires the ALJ to consider a claimant's impairments and determine whether he maintains the residual functional capacity to perform the requirements of his past relevant work. *See id.* (citing 20 C.F.R. § 404.1520(e)). "Where the claimant has the residual functional capacity to do either the specific work previously done or the same type of work as it is generally performed in the national economy, the claimant is found not to be disabled." *Lowe v. Apfel*, 226 F.3d 969, 973 (8th Cir. 2000).

Lane argues that the ALJ committed legal error when determining that Lane had the residual functional capacity to perform his past work because the ALJ's analysis did not include adequate consideration of Lane's mental impairments. The record does not support this contention. First, the ALJ explicitly assessed Lane's

-3-

psychological health at step two of his analysis, which calls for a determination of whether the claimant has a medical impairment that is "severe" under the regulations. *See* 20 C.F.R. § 404.1520(b)(4)(ii). After examining Lane's psychological history, the ALJ found that Lane's mental and emotional state did not restrict his daily activities or significantly affect his ability to function socially. In light of these findings, the ALJ was not required to include any mental impairments in his determination of Lane's residual functional capacity. *See Hilkemeyer v. Barnhart*, 380 F.3d 441, 447 (8th Cir. 2004) (holding that an ALJ is not required to incorporate into its residual functional capacity determination any non-severe impairments that do not impose limitations on a claimant's ability to work).

Furthermore, the record shows that the ALJ did in fact incorporate Lane's mental impairments into his determination of Lane's residual functional capacity. In addition to concluding that Lane's mental impairments were not severe, the ALJ found at step two of his analysis that any such issues were caused by "a metabolic response to medications." The ALJ considered these medication-related side effects when determining Lane's residual functional capacity, finding no evidence that those side effects resulted in any additional work restrictions. Substantial evidence thus supported the ALJ's determination of Lane's residual functional capacity. *See Blackburn*, 761 F.3d at 858.

Lane also argues that the ALJ erred by failing to pose to the vocational expert a hypothetical question that incorporated Lane's mental impairments. This argument fails for two reasons. First, an ALJ need not rely on the testimony of a vocational expert to find that a claimant is capable of returning to past relevant work. *Barrett v. Shalala*, 38 F.3d 1019, 1024 (8th Cir. 1994). The ALJ's comparison of Lane's residual functional capacity with the demands of Lane's prior work was thus sufficient to support the ALJ's conclusion that Lane could return to that work. *See id.* Second, the record shows that the ALJ provided the vocational expert with a hypothetical scenario in which "the only limitation that [Lane] had on his ability to

work was that he was limited to working at the light exertional level." Because the ALJ found that Lane's mental symptoms did not require additional work restrictions, this hypothetical limitation fully accounted for Lane's medical impairments. Presented with the ALJ's hypothetical question, the vocational expert confirmed that Lane was capable of returning to his employment as a fast-food worker. Substantial evidence thus supported the ALJ's determination that Lane could perform his past relevant work and therefore was not disabled. *See Wagner v. Astrue*, 499 F.3d 842, 853 (8th Cir. 2007) (recognizing that an ALJ "*may* elicit testimony from a vocational expert in evaluating a claimant's capacity to perform past relevant work") (emphasis added).

Accordingly, we affirm the judgment of the district court.

_____