77 F.3d 492
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carole LEGGETT, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration,[1] Defendant-Appellee.
 No. 95-5082.
 United States Court of Appeals, Tenth Circuit.
 Feb. 20, 1996.
 
 Before BRORBY, HOLLOWAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 I.
 
 2
 Carole Leggett appeals from an order of the district court affirming the Secretary's decision denying her Social Security disability and Supplemental Security Income (SSI) benefits. Ms. Leggett filed for disability insurance benefits and SSI on November 6, 1991, alleging disability due to problems with her right knee. Her requests were denied initially and on reconsideration. Following a de novo hearing on October 2, 1992, the administrative law judge (ALJ) found that Ms. Leggett was not disabled within the meaning of the Social Security Act. The Appeals Council denied her request for review and she filed suit in district court. The district court affirmed the ALJ's decision, and Ms. Leggett appealed to this court.
 
 
 3
 We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir.1989)(quotation omitted).
 
 
 4
 The Secretary has established a five-step evaluation process pursuant to the Social Security Act for determining whether a claimant is disabled within the meaning of the Act. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(discussing five-step disability test in detail). The claimant bears the burden of proving disability through step four of the analysis. Id. at 751.
 
 
 5
 Here, the ALJ, reaching step four, determined that Ms. Leggett was capable of performing her past relevant work as a purchasing agent. Ms. Leggett challenges the ALJ's determination at step three that her impairment did not meet or equal an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, his determination at step four that she could perform her past relevant work as it is performed in the national economy, and his evaluation of her complaint of pain. Having concluded that the ALJ's determination at step four is not supported by substantial evidence, we reverse and remand as to that issue. We affirm as to the other issues raised by Ms. Leggett.
 
 II.
 
 6
 Ms. Leggett first asserts that her knee problems met or equaled listing 1.03. That listing reads as follows:
 
 
 7
 Arthritis of a major weight-bearing joint (due to any cause):
 
 
 8
 With history of persistent joint pain and stiffness with signs of marked limitation of motion or abnormal motion of the affected joint on current physical examination. With:
 
 
 9
 A. Gross anatomical deformity of hip or knee (e.g. subluxation, contracture, bony or fibrous ankylosis, instability) supported by X-ray evidence of either significant joint space narrowing or significant bony destruction and markedly limiting ability to walk and stand; or
 
 
 10
 B. Reconstructive surgery or surgical arthodesis of a major weight-bearing joint and return to full weight-bearing status did not occur, or is not expected to occur, within 12 months of onset.
 
 
 11
 Substantial evidence of record supports the ALJ's finding that Ms. Leggett's impairment is not of sufficient severity to meet the criteria required by this listing. Although the range of motion in her right knee temporarily decreased during the time periods immediately following her knee surgeries, see R. Vol. II at 152, it returned to higher levels with physical therapy. Id. at 214, 226. The most recent measurements show that Ms. Leggett retains between zero and 111 or -2 to 113 degrees range of motion in this knee, a loss of only about 20% from the full range of zero to 145 degrees cited as normal in Ms. Leggett's own brief. Id. at 226; Br. of Appellant at 8 n. 3. Moreover, her treating physician has opined on several occasions that her physical limitations should not prevent Ms. Leggett from performing sedentary work, id. at 149, 223, or even light work, id. at 226. Under the circumstances, the ALJ's decision that Ms. Leggett's condition did not meet a listed impairment is supported by substantial evidence. See Shannon v. Chater, 54 F.3d 484, 486 (8th Cir.1995).
 
 III.
 
 12
 At step four, the ALJ determined that Ms. Leggett's past relevant work was that of a "purchasing agent." R. Vol. II at 18. He further found that although Ms. Leggett actually performed her past work as a purchasing agent at an exertional level above sedentary, the job of "purchasing agent" is also performed within the national economy at the sedentary level. Id.; see Andrade, 985 F.2d at 1050 (past relevant work examined as performed in the national economy). He therefore concluded that she could return to her past relevant work, but at a sedentary level.
 
 
 13
 Ms. Leggett contests these findings. She draws our attention to the listing for "purchasing agent" (# 162.157-038) contained in the Dictionary of Occupational Titles (4th ed. 1991)(DOT). The DOT description can be relied upon to define the exertional requirements of this job as it is usually performed in the national economy. See Social Security Ruling 82-61. Ms. Leggett correctly informs us that this job is listed at the light, and not the sedentary, exertional level.
 
 
 14
 The ALJ did not refer to this specific DOT listing when he described Ms. Leggett's past relevant work as "purchasing agent," however. R. Vol. II at 18. We have carefully reviewed the testimony of the vocational expert (VE), and conclude that both she and the ALJ used the term "purchasing agent" to refer to a generic classification of purchasing-related jobs. Id. at 50, 53-57.
 
 
 15
 The Commissioner's policies, however, note that the use of broad, generic, occupational classifications to evaluate a claimant's past relevant work is likely to be fallacious and insupportable. See Social Security Ruling 82-61. The ALJ's decision here demonstrates why. The classification "purchasing agent," used generically, does not identify the particular functional demands of Ms. Leggett's past relevant work, either as performed by her or in the national economy. See Evans v. Shalala, 21 F.3d 832, 834 (8th Cir.1994).
 
 
 16
 That the ALJ's classification is incorrect does not end our inquiry, however. We must examine the entire record to determine whether there is substantial evidence to support his decision that Ms. Leggett's past relevant work, as performed in the national economy, required only sedentary exertion. For the reasons stated hereafter, our review of the record convinces us that the ALJ's decision on this point is not supported by substantial evidence.
 
 
 17
 The Commissioner contends that under this record, Ms. Leggett's past relevant work fits the DOT job description of "purchasing clerk" (DOT # 249.367-066), a job which requires only sedentary exertion. The Commissioner cites the VE's reference to this position as a sort of "sedentary purchasing agent" work.
 
 
 18
 We have reviewed the responsibilities connected with the DOT "purchasing clerk" position, and find that they do encompass many of the duties performed by Ms. Leggett in her previous employment, but not all of them. The DOT "purchasing clerk" listing excludes her inventory work, the component of her previous employment which required more than sedentary exertion. The inventory portion of Ms. Leggett's duties is best described in the DOT medium exertion position of inventory clerk (DOT # 222-387.026). Ms. Leggett's previous employment therefore encompassed the duties of both "purchasing clerk" and "inventory clerk."
 
 
 19
 The Commissioner contends, however, that the ALJ could properly ignore the "inventory clerk" portion of Ms. Leggett's job in evaluating her work as performed in the national economy. We conclude otherwise. First, for the reasons we have stated, there is no justification for the ALJ's assignment of a sedentary exertion level to the job of "purchasing agent" as generally performed in the national economy. Second, the record convinces us that Ms. Leggett's job responsibilities as "inventory clerk" differ sufficiently from those of "purchasing clerk," as defined in the DOT, that Ms. Leggett's past relevant work must be considered a "different line of work" from that of a purchasing clerk. Andrade, 985 F.2d at 1052 (quoting Villa v. Heckler, 797 F.2d 794, 798 (9th Cir.1986).
 
 
 20
 We note in the margin the duties of "Inventory Clerk" and "Purchasing Clerk" as described in the DOT.[3] The DOT descriptions control, not an erroneous label applied by the VE. See Campbell v. Bowen, 822 F.2d 1518, 1523 n. 3 (10th Cir.1987).
 
 
 21
 We conclude that substantial evidence does not support the ALJ's determination that Ms. Leggett can perform her past relevant work, which includes both inventory clerk (medium) and purchasing clerk (sedentary) responsibilities. The ALJ's decision at step four must be reversed. Thus, there must be a determination at step five with observance of the proper burden of proof, consideration of the proper VE testimony, and findings.[4]
 
 IV.
 
 22
 Finally, Ms. Leggett contends that the ALJ failed to evaluate properly her assertions of disabling pain. The ALJ found that Ms. Leggett's subjective complaints of disabling pain, in light of all the evidence, were not shown to be of such intensity, frequency or duration to prevent her performance of sedentary work activity. R. Vol. II at 18. Her treating physician did not express an opinion that her pain would preclude her from performing sedentary work. This ALJ's finding is therefore supported by substantial evidence based upon the record before us, and is affirmed.
 
 V.
 
 23
 The judgment of the United States District Court for the Northern District of Oklahoma is VACATED and the case is REMANDED to the district court with directions to remand to the Commissioner for further proceedings consistent with this order and judgment.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [3]
 249.367-066 PROCUREMENT CLERK (clerical) alternate titles: award clerk; bid clerk; buyer, assistant; purchase-request editor; purchasing-and-fiscal clerk; purchasing clerk; purchasing-contracting clerk
 Compiles information and records to prepare purchase orders for procurement of material for industrial firm, governmental agency, or other establishment: Verifies nomenclature and specifications of purchase requests. Searches inventory records or warehouse to determine if material on hand is in sufficient quantity. Consults catalogs and interviews suppliers to obtain prices and specifications. Types or writes invitation-of-bid forms and mails forms to supplier firms or for public posting. Writes or types purchase order and sends copy to supplier and department originating request. Compiles records of items purchased or transferred between departments, prices, deliveries, and inventories. Computes total cost of items purchased, using calculator. Confers with suppliers concerning later deliveries. May compare prices, specifications, and delivery dates and award contract to bidders or place orders with suppliers or mail order firms. May verify bills from suppliers with bids and purchase orders and approve bills for payment. May classify priority regulations.
 GOE: 07.01.02 STRENGTH: S GED: R4 M3 L3 SVP: 4 DLU: 86
 
 
 [222]
 387-026 INVENTORY CLERK (clerical)
 Compiles and maintains records of quantity, type, and value of material, equipment, merchandise, or supplies stocked in establishment: Counts material, equipment, merchandise, or supplies in stock and posts totals to inventory records, manually or using computer. Compares inventories to office records or computes figures from records, such as sales orders, production records, or purchase invoices to obtain current inventory. Verifies clerical computations against physical count of stock and adjusts errors in computation or count, or investigates and reports reasons for discrepancies. Compiles information on receipt or disbursement of material, equipment, merchandise, or supplies, and computes inventory balance, price, and cost. Prepares reports, such as inventory balance, price lists, and shortages. Prepares list of depleted items and recommends survey of defective or unusable items. May operate office machines, such as typewriter or calculator. May stock and issue materials or merchandise ...
 GOE: 05.09.01 STRENGTH: M GED: R3 M3 L3 SVP: 4 DLU: 88
 
 
 [4]
 The Commissioner argues that affirmance is proper here because there is sufficient VE testimony in the record to justify a decision against Ms. Leggett at step five. However, at step five the burden of proof shifts to the Commissioner. See Williams, 844 F.2d at 751. We are not convinced that this burden of proof was observed when the ALJ reached his decision here; we therefore remand for further proceedings