[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 02-1474

EMERY STEPHENS,

Plaintiff, Appellant,

v.

JO ANNE BARNHART, COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Morris E. Lasker, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Michael James Kelley on brief for appellant.
Michael J. Sullivan, United States Attorney, Lisa De Soto,
General Counsel, Robert J. Triba, Chief Counsel, Maria A. Machin,
Assistant Regional Counsel, and Rayford A. Farquhar, Assistant U.S.
Attorney, on brief for appellee.

November 5, 2002

**Per Curiam**.  Emery Stephens appeals from a district court decision upholding the Commissioner's denial of social security disability benefits under 42 U.S.C. § 423(d).  Stephens, a fifty-five year old man with a tenth grade education, applied for benefits on June 25, 1996, alleging an inability to work since December 15, 1995 because of a fractured left ankle.

After a remand from the Appeals Council in 1999, the Administrative Law Judge ("ALJ") held two hearings, at the second of which a vocational expert ("VE") testified.  The ALJ determined that Stephens was "status post left ankle fracture," and had "a history of alcohol abuse, and borderline intellectual functioning." Applying the sequential analysis set forth in 20 C.F.R. § 404.1520, see also Goodermote v. Secretary of Health and Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982), the ALJ found that Stephens suffered from a severe impairment that was not deemed presumptively disabling because it did not meet or equal any impairment found in the Listings of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ also determined that, although Stephens had certain exertional limitations, he had the residual functional capacity ("RFC") to return to his "past relevant work as a janitor, news salesperson and car washer," and was therefore not disabled.

Although the ALJ clearly indicated that his ruling was made at Step Four of the sequential evaluation, he also  engaged in some Step Five analysis, further concluding that Stephens had the RFC to

2

perform other work identified by the VE, which included the positions of custodian, hotel maintenance person, packager, assembler, security guard, counter clerk, surveillance systems monitor, cashier and self-service gas station attendant.

We may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). "We must uphold the [Commissioner's] findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support h[er] conclusion." Rodriguez v. Secretary of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981); accord Irlanda Ortiz v. Secretary of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).

Stephens first contends that the ALJ erred in defining his past relevant work and in concluding that he had the RFC to return to it. We agree with Stephens on these two points. Since the ALJ concluded that Stephens' post-onset, temporary work as a car wash attendant and newspaper seller was too sporadic to qualify as "substantial gainful activity," see 20 C.F.R. § 404.1575(a), those jobs did not meet the definition of "past relevant work." See 20 C.F.R. §§ 404.1565(a). Thus, the ALJ's Step Four analysis should have been limited to consideration of whether Stephens had the RFC to perform his past work as a janitor. On that question, we conclude that the ALJ's findings were insufficient to substantiate

3

his determination that Stephens could return to his past work.

In considering Stephens' RFC, the ALJ concluded that Stephens' ability to stand or walk was limited so that he could not "be on his feet most of the day." However, the only evidence concerning the standing or walking requirements of Stephens' past relevant job consisted of Stephens' own statements that he was required to be on his feet all day; the VE did not discuss, and the ALJ made no findings concerning, the specific standing or walking requirements for either Stephens' job as he actually performed it or for other similar jobs existing in the economy. See Social Security Ruling 82-62 (PPS-80), Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, In General (S.S.A. 1982), available in 1982 WL 31386; Social Security 82-61 (PPS-72), Titles II and XVI: Past Relevant Work--The Particular Job or the Occupation as Generally Performed (S.S.A. 1982), available in 1982 WL 31387. Moreover, the light-to-medium exertional range, within which the ALJ concluded Stephens' past work fell, generally requires "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday," Social Security Ruling 83-10 (PPS-101), Titles II and XVI: Determining Capability to Do Other Work--The Medical-Vocational Rules of Appendix 2 (S.S.A. 1983), available in 1983 WL 31251; see 20 § C.F.R. 404.1567; thus, the ALJ's failure to distinguish either Stephens' particular job or his job as it is generally performed from this norm make it impossible to conclude

that substantial evidence supported the finding that Stephens had the RFC to return to his past work despite his exertional limitations.  See Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001); Evans v. Shalala, 21 F.3d 832, 834-35 (8th Cir. 1994).

Having concluded that the ALJ's Step Four determination was not adequately substantiated, we next consider whether, if the ALJ had proceeded to the fifth and final step of the sequential evaluation, a finding of not disabled would have been compelled in any event.  See Seavey, 276 F.3d at 11; Ward v. Commissioner of Social Security, 211 F.3d 652, 656 (1st Cir. 2000).  Stephens argues that, at Step Five, the ALJ would have been required to apply the Medical-Vocational guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the Grids"), and that the applicable Rule would have directed a determination of "disabled."  See id., Table 2, Rule 202.01.  However, this argument assumes that Stephens' RFC was limited to light work; if he had the RFC to perform medium work, the applicable Grid rule would result in a finding of "not disabled."  See id., Table 3, Rule 203.11.  If the ALJ's finding that Stephens was capable of some medium work is sustainable, Stephens' RFC would fall between two exertional ranges, thereby rendering the Grids inconclusive.[1]  See Thomas v. Barnhart, 278

---

[1]We note that the ALJ suggested this case would have been "remov[ed] . . . from the [G]rids" because of Stephens' nonexertional impairments; although we agree with the ALJ's

F.3d 947, 960 (9th Cir. 2002); Social Security Ruling 83-12 (PPS-103), Titles II and XVI: Capability to Do Other Work--The Medical-Vocational Rules as a Framework for Evaluating Exertional Limitations Within a Range of Work or Between Ranges of Work (S.S.A. 1983), also available in 1983 WL 31253.

Medium work is defined as "work [that] involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c). Here, the ALJ concluded, without much explanation, that Stephens was capable of lifting up to fifty pounds despite an examining physician's RFC evaluation which judged Stephens capable of lifting only ten pounds frequently and twenty pounds occasionally. We do not think the ALJ's reliance on conclusory findings by non-examining Disability Determination Services physicians, which were unsupported by any analysis or written findings and made well in advance of the RFC evaluation, justified his discounting of the RFC report. See Berrios-Lopez v. Secretary of Health & Human Servs., 951 F.2d 427, 431 (1st Cir.

---

conclusion, this rationale appears to be inconsistent with his finding that Stephens' nonexertional impairments were "technical" and would not have any significant effect on the job base. Heggarty v. Sullivan, 947 F.2d 990, 996 (1st Cir. 1991); Ortiz v. Secretary of Health & Human Servs., 890 F.2d 520, 524 (1st Cir. 1989) ("should a nonexertional limitation be found to impose no significant restriction on the range of work a claimant is exertionally able to perform, reliance on the Grid remains appropriate").

1991).

However, from a commonsense point of view, there is sufficient evidence in the record to provide support for the ALJ's determination that Stephens was capable of lifting more weight than the RFC evaluation estimated.  In the first place, the RFC report provides no explanation for the low estimation of Stephens' capacity to lift and indicated that Stephens' prognosis was "good," which suggested that Stephens' condition was expected to continue to improve.  Moreover, the medical evidence indicates that (1) Stephens' ankle fracture completely healed without complication, (2) his pain was caused by weather rather than exertion, and (3) his pain was controlled by over-the-counter medications.  Although Stephens suggests that reading the evidence in this way constitutes an impermissible lay interpretation of raw medical data, see Perez v. Secretary of Health & Human Servs., 958 F.2d 445, 446 (1st Cir. 1991), this prohibition does not apply where the medical evidence shows relatively little physical impairment.  Manso-Pizarro v. Secretary of Health & Human Servs., 76 F.3d 15, 17 (1st Cir. 1996). In such a case, "an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment."  Id.

To the extent Stephens challenges the ALJ's determination that Stephens' complaints of disabling pain were not entirely credible, we see no error; the ALJ's conclusion is  adequately supported by

7

the evidence cited above as well as Stephens' testimony admitting that he lost his last permanent position due to a lay off rather than his injury; that he worked subsequent to the alleged onset date; and that he had a fairly active daily routine. The ALJ cited this evidence and made specific findings supporting his decision to discount Stephens' complaints. See DaRosa v. Secretary of Health & Human Servs., 803 F.2d 24, 26 (1st Cir. 1986); Avery v. Secretary of Health & Human Servs., 797 F.2d 19, 29 (1st Cir. 1986). In light of this evidence, we think that the lack of affirmative comment on Stephens' ability to lift suggests that no functional limitation was apparent since, as a matter of commonsense, there is no obvious reason why someone with a healed ankle fracture would not be able to lift or carry fifty pounds.

Having found that the ALJ soundly concluded that Stephens was capable of at least some medium work, the Grids are rendered inconclusive, and we must decide whether the VE's testimony was sufficient to support a finding that Stephens was capable of performing other work in the economy. See Thomas, 278 F.3d at 960; SSR 83-12. Since the VE's testimony concerning other jobs specifically assumed a limitation on standing and walking, and the specific occupations he identified, and which the ALJ cited in his opinion, all allowed for a significant amount of sitting and were predominantly in the light exertional range, we think that, under the substantial evidence standard, the VE's testimony would compel

8

the conclusion that Stephens was capable of doing some work. <u>See</u> <u>Thomas</u>, 278 F.3d at 960; SSR 83-12.

Accordingly, the judgment of the district court is <u>affirmed</u>. <u>See</u> Loc. R. 27(c).