# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3294

_____

Irene Barnett,                                    *
                                                  *
                    Appellant,                    *
                                                  *    Appeal from the United States
          v.                                      *    District Court for the
                                                  *    Eastern District of Arkansas.
Jo Anne B. Barnhart, Commissioner,                *
Social Security Administration,                   *
                                                  *
                    Appellee.                     *

_____

Submitted: March 10, 2004
    Filed:   April 1, 2004

_____

Before RILEY and MELLOY, Circuit Judges, and ERICKSON,[1] District Judge.

_____

RILEY, Circuit Judge.

Irene Barnett (Barnett) applied for disability benefits with the Social Security Administration, claiming debilitating right wrist pain and hand problems. An administrative law judge (ALJ) denied Barnett's request for benefits. The Social

_____

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

Security Appeals Council (Appeals Council), and the district court[2] affirmed the ALJ's decision. We affirm.

## I. BACKGROUND

Barnett, a high-school educated thirty-eight year old, alleges she has been disabled since April 1, 1995, due to problems with her right wrist and hand. Before her alleged disability, Barnett worked as a housekeeper, cashier, and assembly line worker.

In 1992, Dr. James Russell treated Barnett for possible fractures in her right and left wrists. For nearly eight years, Barnett did not complain to a doctor about wrist problems or pain. In May 2000, Dr. Russell treated Barnett for right and left wrist pain attributed to her 1992 wrist injuries, prescribing drugs and heat treatment. In November 2000, Barnett complained to Dr. Russell about left wrist pain and a jammed left little finger. Dr. Russell did not observe anything wrong with the wrist, and splinted Barnett's finger and prescribed drugs. In March 2001, Dr. Jason Brandt evaluated Barnett and observed right wrist swelling, some deformity, tenderness, and loss of strength, but noted her elbow and shoulder were normal. Seven months later, Dr. Brandt determined Barnett had both degenerative wrist disease and carpal tunnel syndrome in her right wrist. To resolve these problems, Dr. Brandt prescribed drugs and suggested wrist fusion as a possible treatment. Barnett repeatedly missed follow-up doctor appointments during the time she complained about problems with her hand and wrist. Additionally, since incurring the allegedly debilitating injuries, Barnett complained about wrist pain only six times during numerous doctor visits.

---

[2]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

On April 26, 2000, Barnett filed for Social Security benefits, requesting an evidentiary hearing to evaluate her eligibility. On her Disability Supplemental Interview Outline (Disability Outline), Barnett indicated the tasks she continued to perform since her disability, including personal hygiene and most household tasks. However, during the evidentiary hearing, Barnett testified she could not manipulate her fingers or use her right wrist.

Following the five-step procedure outlined in the Social Security regulations, the ALJ determined Barnett was not entitled to disability benefits. Concluding Barnett's testimony regarding her impairment was not entirely credible, the ALJ found Barnett could (1) carry or lift twenty pounds occasionally, and ten pounds frequently; (2) sit, walk, and stand for the duration of a normal workday; and (3) pull and push without limitation. Because Barnett's past relevant work as a housekeeper or assembly line worker was not precluded by these limitations, the ALJ determined Barnett was not entitled to disability benefits under the Social Security Act. The Appeals Council affirmed, and the district court concluded substantial evidence supported the ALJ's decision. Barnett appeals the district court's conclusion that substantial evidence exists to support the ALJ's finding Barnett could perform her past occupations as a housekeeper or an assembly line worker.

## II.    DISCUSSION

"We review the Commissioner's decision to deny Social Security benefits to determine if the decision is supported by substantial evidence on the whole record." Patrick v. Barnhart, 323 F.3d 592, 595 (8th Cir. 2003) (citation omitted). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." Id. (citation omitted). "In undertaking this analysis, our court 'should neither consider a claim de novo, nor abdicate its function to carefully analyze the entire record.'" Id. (citation omitted). "[B]efore we can reverse we must find that it would not be possible for any reasonable fact-finder

to come to the conclusion reached by the [ALJ]." Menendez-Donis v. Ashcroft, No. 02-3692, 2004 WL 307451, at *2 (8th Cir. Feb. 19, 2004).

The thrust of Barnett's attack against the ALJ's determination rests on Dr. Brandt's physical examinations. Dr. Brandt's examination notes do not tip the disability scale in Barnett's favor. Dr. Brandt's physical exams revealed minimal motion of the right hand or wrist, painful motion, decreased sensation and strength, and positive Tinel's and Phalen's signs. Dr. Brandt also recommended Barnett be evaluated for possible wrist fusion as a "salvage procedure." Notwithstanding Dr. Brandt's findings and possible treatment, Dr. Brandt noted Barnett had good sensation, nerve function, and motor function. Dr. Brandt also did not limit the work Barnett could perform and did not opine Barnett's impairments impacted her ability to perform her past occupations. Similarly, Dr. Russell did not impose any limitations or offer an opinion on Barnett's ability to perform her past occupations. Without such information, we cannot conclude the ALJ erred in its finding, especially in light of other evidence in the record.[3]

On her Disability Outline, Barnett indicated she could bathe and dress without assistance, do laundry, wash dishes, vacuum and sweep, take out the trash, and shop for groceries and clothes. Barnett also indicated she could pay bills and count change. Further, Barnett noted she walked for exercise and attended church. The activities Barnett listed support the ALJ's conclusion Barnett failed to show she could not perform the job of a housekeeper or an assembly line worker. Indeed, the

---

[3]To the extent Barnett argues the ALJ erred because Barnett cannot perform specific duties required in her prior employment, we reject Barnett's contentions. As this court has noted, the ALJ may determine a claimant can perform the claimant's past occupation based on "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." Evans v. Shalala, 21 F.3d 832, 833-34 (8th Cir. 1994) (quoting S.S.R. 82-61, 1975 Soc.Sec.Rep. 836, 838 (West 1983)). Cf. 20 C.F.R. § 404.1560(b)(2) (2003).

activities Barnett listed on the Disability Outline encompass many of the tasks one would perform in housekeeping or assembly line work. A person would lift ten pounds or less, stand for a period of time, sit for a period of time, and push and pull while engaging in these common household tasks. Thus, each task the ALJ found Barnett could manage–lifting ten pounds frequently, sitting and standing during the workday, and pushing or pulling–are supported by substantial evidence.

## III. CONCLUSION

For the forgoing reasons, we affirm.

_____